520 A.2d 1192

**COMMONWEALTH of Pennsylvania**

v.

**Phillip Thomas MONOSKY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 26, 1984.

Filed Feb. 6, 1987.

Alphonse P. LePore, Jr., Public Defender, Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before CIRILLO, President Judge, and BROSKY and MONTGOMERY, JJ.

BROSKY, Judge:

This appeal from the judgment of sentence following appellant's conviction on charges of driving under the influence of alcohol or controlled substance (75 Pa.C.S.A. § 3731),[1] failing to drive at a safe speed (75 Pa.C.S.A. § 3361) and possession of a prohibited offensive weapon (18 Pa.C.S.A. § 908), is again before us on remand from the Supreme Court, *Commonwealth v. Monosky*, 511 Pa. 148, 511 A.2d 1346 (1986), which reversed our determination that a violation of Pa.R.Crim.P. 1100 had occurred [2] and reinstated the judgment of sentence imposed by the trial court.

Pursuant to the mandate of our Supreme Court, the issues now remaining for our disposition are whether the verdict was against the weight of the evidence and whether the evidence was sufficient to sustain the verdict of guilt.[3]

1. Neither the criminal complaint nor the information indicates specifically under which subsection(s) of § 3731 appellant was charged. At trial, no evidence of appellant's blood alcohol was produced because one of the arresting officers indicated that appellant refused to submit to a breathalyzer test (N.T. 10). These two officers did indicate at trial that they detected an odor of alcohol about appellant at the time of his arrest and at the station and that appellant's appearance, demeanor and gait, based upon their observation and experience, were indicative of intoxication. Thus, based upon our examination of the record, as more fully developed in the body of this Opinion, we conclude that sufficient evidence existed to support appellant's conviction for operating a motor vehicle while under the influence of alcohol to a degree which rendered him incapable of safe driving and that the verdict was not against the weight of the evidence adduced.

2. *Commonwealth v. Monosky*, 341 Pa.Super. 617, 491 A.2d 920 (1985).

3. Examination of appellant's post-trial motion for a new trial and/or in arrest of judgment discloses that it is couched in boiler-plate language with respect to the remaining issues for our disposition. However, since the filing of this motion predates our decision in

After examination of the record and consideration of the briefs of the parties, we affirm.

In evaluating a claim that the verdict is against the law for lack of sufficient evidence, we view the evidence in the light most favorable to the Commonwealth, the verdict winner in this case, and draw all reasonable inferences therefrom to determine if the Commonwealth has presented evidence sufficient to find each element of the crime charged beyond a reasonable doubt. *Commonwealth v. Shirey*, 343 Pa.Super. 189, 494 A.2d 420 (1985); *Commonwealth v. Whiteman*, 336 Pa.Super. 120, 485 A.2d 459 (1984). Since the instant record does not reveal a verdict so contrary to the weight of the evidence as to shock one's sense of justice, a new trial, therefore, is not mandated. *Commonwealth v. Haight*, 332 Pa.Super. 269, 481 A.2d 357 (1984).

With regard to appellant's conviction for failure to drive at a safe speed, the trial record discloses that appellant was initially observed by the two testifying patrol officers driving in excess of the posted speed limit of 25 miles per hour through a residential area on a foggy, wet day (N.T. 5, 28, 29, 34). Officer Capitos testified that it was necessary for him to accelerate to between 55 and 60 miles per hour in order to overtake appellant (N.T. 28). Both officers also expressed their opinion that appellant was traveling approximately 50 miles per hour when they initially observed him. (N.T. 29, 35).

First, we note that a police officer may properly stop a motor vehicle which he reasonably believes is traveling in excess of the legal speed limit. *Commonwealth v. Fisher,*

*Commonwealth v. Holmes*, 315 Pa.Super. 256, 461 A.2d 1268 (1983), and the grace period extended by that decision, we are compelled to address the merits. *Commonwealth v. Beckham*, 349 Pa.Super. 430, 503 A.2d 443 (1986). In *Holmes*, we stated that a post-verdict motion which alleges either that the evidence was insufficient to sustain the verdict or that the verdict was against the weight of the evidence is inadequate to preserve any issue for appellate review absent a precise showing in what respect the evidence was insufficient or why the verdict was contrary to the weight of the evidence. *See Commonwealth v. Cardona*, 316 Pa.Super. 381, 463 A.2d 11 (1983).

294 Pa.Super. 486, 440 A.2d 570 (1982). The applicable provision of the Motor Vehicle Code here involved, 75 Pa.C.S.A. § 3361, states that a vehicle shall not be driven in excess of a speed greater than is reasonably prudent under conditions and potential hazards existing at that time. As the record here discloses, hazards and conditions were readily apparent. The area was residential, and the day was foggy and wet. We conclude that appellant's driving at a speed in excess of the posted limit was greater than was reasonable and prudent given the prevailing conditions and potential hazards.

Secondly, both officers tendered their opinions as to the speed of appellant's motor vehicle. We hold this to be proper, since lay people are competent to render such an opinion if, as here, adequate opportunity existed to observe the vehicle. *Commonwealth v. Reynolds*, 256 Pa.Super. 259, 389 A.2d 1113 (1978). Such testimony is not a subject matter related to a science, skill or occupation beyond the common experience of an average layman. It involves a matter of common knowledge. *Commonwealth v. O'Searo*, 466 Pa. 224, 352 A.2d 30 (1976). Instantly, Officer Capitos had been with the Connellsville Police Department for nearly five years (N.T. 4), and Officer Vindonish had been a police officer for nine years (N.T. 33). Both officers were assigned to patrol duty and were evidently experienced drivers. *Commonwealth v. Reynolds, supra.* Their opinion as to the speed of appellant's vehicle was for the fact finder, here, the trial court, to weigh. *Id.* Thus, we hold that the evidence was sufficient and the verdict was not against its weight to sustain appellant's conviction for failing to drive at an safe speed.

The record also discloses sufficient evidence of appellant's intoxication to render him incapable of safe driving. The officers detected an odor of alcohol about appellant (N.T. 7, 17, 45). Officer Capitos testified that three minutes elapsed before appellant was able to produce his license, registration and insurance card (N.T. 7, 18). Both officers indicated that appellant's speech was slurred (N.T. 8, 10, 18,

44), that he was glassy-eyed (N.T. 8, 10, 21, 36, 45), that his steps in exiting the automobile were deliberate and that his gait was unsteady and staggering (N.T. 8, 10, 19, 35). It was also necessary for appellant to steady himself by placing his hand on the edge of the car after he exited (N.T. 8, 43). Officer Vindonish further testified that appellant's facial appearance was flushed (N.T. 36, 45), that he was dazed (N.T. 45) and that he exhibited a disheveled appearance (N.T. 35).

The officers' opinion that appellant exhibited these signs of intoxication (N.T. 27, 46) and their belief that he was intoxicated were proper and justifiable under the circumstances because intoxication is a matter of common observation on which lay people are competent to render an opinion. *Commonwealth v. Reynolds, supra.* This includes police officers. *Id.* Both officers were experienced with patrol duty (N.T. 4, 33) and had completed over 100 arrests for driving under the influence (N.T. 26, 46).

■ Consequently, the two police officers, who actually observed appellant's operation of the motor vehicle and his demeanor and gait after he exited the automobile, were competent to testify regarding appellant's intoxicated state. *Commonwealth v. Neiswonger,* 338 Pa.Super. 625, 488 A.2d 68 (1985). We deem the evidence adduced here sufficient and the verdict supported thereby to sustain appellant's conviction for driving under the influence of alcohol to a degree which rendered him incapable of safely operating his automobile.

■ Lastly, appellant contends that since the evidence was insufficient to sustain his arrest and conviction for driving at an unsafe speed and driving under the influence of alcohol, the subsequent station house inventory of the subject motor vehicle which uncovered the firearm was consequently illegal. We disagree. Because we have found the evidence sufficient to support both the convictions and the arrest, appellant's contention that the firearm

is suppressible as the fruits of a search incident to an unlawful arrest is without merit.

Judgment of sentence affirmed.