527 A.2d 131

**COMMONWEALTH of Pennsylvania**

**v.**

**Ronald Jay SMOLOW, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 15, 1987.

Filed June 8, 1987.

Ronald J. Smolow, Bensalem, appellant, in propria persona.

Caren J. Fox, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and ROWLEY and HOFFMAN, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

Appellant was convicted at a hearing *de novo* in the Court of Common Pleas of Philadelphia County of violating § 3362(a)(2) of the Motor Vehicle Code (speeding), 75 Pa. C.S. § 3362(a)(2). Following denial of his post-trial motions, appellant was sentenced to pay a fine and costs totalling $117. Appellant then filed this timely appeal in which he seeks to have the judgment of sentence reversed.[1]

Briefly, the facts of the case are that on October 9, 1985, a Philadelphia Police Officer noticed that appellant was driving at what appeared to be an excessive rate of speed. Using a VASCAR-plus speed-timing device (hereafter "VASCAR"), the officer determined that appellant was proceeding at 84.1 m.p.h. in a posted 55 m.p.h. zone. The officer then stopped appellant and issued him a citation for speeding.

[1] Although appellant's brief states that his appeal is from the order denying post-trial motions, a judgment of sentence was imposed on the same date that those motions were denied. Thus, we may treat the appeal as properly before us. *See Commonwealth v. Gumpert,* 354 Pa.Super. 595, 512 A.2d 699 (1986) (improper captioning of defendant's appeal as being from interlocutory order denying post-trial motions, rather than from judgment of conviction entered the same day, was not fatal error).

On appeal, appellant contends that the trial court erred in failing to find that VASCAR is an *electronic* device and thus, authorized for use *only* by the Pennsylvania State Police. Since the arresting officer was not a member of the State Police, he claims, the use of the VASCAR unit was unauthorized and his conviction must be reversed. In support of his argument, appellant cites § 3368(c)(2) of the Motor Vehicle Code, which provides, in part, that *"(e)lectronic* devices ... may be used only by members of the Pennsylvania State Police ...,"* (emphasis added), and our Supreme Court's holding in *Commonwealth v. DePasquale,* 509 Pa. 183, 501 A.2d 626 (1985).

In *DePasquale* the Court concluded that the ESP device used in that case was an *electronic* device. As such, the Court held, its use by a local police officer was prohibited by § 3368(c)(2). The Court then reversed the appellant's conviction. At the appellant's trial in *DePasquale,* the Commonwealth relied on a regulation of PennDot that classified the ESP machine used by the local police as an *electrical* device. The defendant, DePasquale, however, presented the testimony of an electrical engineer who expressed his opinion, contrary to PennDot's regulation, that the ESP machine used there was in fact an *electronic* device rather than an electrical device. The Supreme Court concluded, on the basis of the engineer's testimony, which it characterized as "reliable" and "uncontradicted," that the Department's regulation was not dispositive and held that the ESP machine was an electronic device and reversed DePasquale's conviction.[2]

In the case now before us the Commonwealth also relied on a Departmental regulation that classified the VASCAR machine as an electrical-mechanical device [15 Pa.Bull. 321 (1985)]. Thus it was authorized for use by the local police.[3]

---

**2.** Since *DePasquale,* the Motor Vehicle Code has been amended to provide that *any* police officer may use the ESP speed-timing device. Act No. 1986–24 (March 27, 1986), 75 Pa.C.S. § 3368(c)(3).

**3.** Since *DePasquale,* the Department has reclassified VASCAR as an electronic speed-timing device (nonradar) and approved its use by *any* police officer. 16 Pa.Bull. 3160 (1986).

In contrast to *DePasquale,* however, the appellant presented *no* expert or scientific evidence regarding the nature of the VASCAR machine. Appellant claims first that because VASCAR has a computer and a digital readout in which numerals appear on a screen in "little whips of light," it is an *electronic* device, and, therefore, its use by the local police was unauthorized. However, the only evidence provided in the record regarding the scientific nature of VASCAR was the testimony of the police officer, on cross-examination by appellant, who issued the citation and who candidly admitted that he was not an expert in electronics (N.T., p. 16), nor had he had any training in electronics, mechanics or computers (*id.* at 30). This evidence in itself is insufficient to prove that VASCAR is an electronic, as opposed to an electrical or mechanical, device.

■ Appellant suggests, however, that we use common sense and apply, by analogy, the reasoning of *DePasquale* to the instant case. We decline this invitation for two reasons. First, *DePasquale* involved the use of the TK–100, Excessive Speed Preventor (ESP), not VASCAR. Second, appellant cannot rely on the expert evidence provided to the court in another case to support his theory in the instant case. "A court is bound to decide the case before it based upon the evidence presented to it by the parties; it has no authority to seek out additional testimony in the records of unrelated cases on the matters at issue before it." *DePasquale,* 509 Pa. at 190, n. 4, 501 A.2d at 630, n. 4. Thus, we find that based on the record before it, the trial court did not have sufficient information to determine whether the VASCAR unit used in this case was an *electronic* or an *electrical* device.

■ However, PennDot had consistently classified VASCAR as an *electrical-mechanical* device prior to and at the time of appellant's offense [see 10 Pa.Bull. 3212 (1980); 14 Pa.Bull. 1112 (1984); 15 Pa.Bull. 321 (1985)]. Therefore, the local police were justified in using the VASCAR device. Thus, as in *DePasquale,* the burden was on appellant to present evidence to support his claim that the VASCAR unit

was, contrary to the Department's classification, an electronic device. In the absence of sufficient scientific evidence to rebut the Department's classification and establish that VASCAR is an electronic device, appellant's argument fails. Appellant is therefore entitled to no relief on this issue.

 Appellant next contends that the trial court erred in admitting evidence of his speed based upon the VASCAR reading since the speedometer in the patrol car in which VASCAR was used had not been certified as accurate. We find no merit to this argument. The VASCAR unit itself was properly calibrated and there is no evidence that the patrol car's speedometer was an integral part of or necessary to the accurate functioning of the VASCAR unit.

The Motor Vehicle Code provides that:

All mechanical, electrical or electronic devices ... shall have been tested for accuracy within a period of 60 days prior to the alleged violation. A certificate from the station showing that the calibration and test were made within the required period, and that the device was accurate, shall be competent and prima facie evidence of those facts in every proceeding in which a violation of this title is charged.

75 Pa.C.S. § 3368(d). In the instant case, the VASCAR unit was calibrated a few hours prior to appellant's speeding violation (N.T. at 6). A certificate of accuracy for the VASCAR unit was produced at appellant's *de novo* hearing (*id.* at 7–8). Thus, the Commonwealth provided prima facie evidence that the unit was operating accurately when appellant was clocked. The burden then shifted to appellant to prove that the unit was in fact inaccurate.

 Appellant elicited testimony from the police officer that the VASCAR unit was hooked up by a wire to both the patrol car's speedometer and battery (*id.* at 12). However, appellant did not produce any evidence that the accuracy of the speedometer was essential or even relevant to the accuracy of the VASCAR unit. The record before us does not disclose whether the patrol car was moving or parked at

26

the time appellant's speed was measured.[4] Therefore, appellant has failed to meet his burden in this regard also.

For these reasons, we affirm the judgment of sentence imposed by the trial court.

Judgment of sentence affirmed.

4. Contrary to appellant's argument, our research discloses that the accuracy of the car's speedometer is irrelevant in the operation of the VASCAR unit. *See Commonwealth v. Koenig,* 32 D & C 3d 545 (1984); *People v. Persons,* 60 Misc.2d 803, 303 N.Y.S.2d 728 (1969).