552 A.2d 297

COMMONWEALTH of Pennsylvania

v.

Jerome R. VISHNESKI, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 15, 1988.

Filed Jan. 6, 1989.

496

Frank W. Hayes, West Chester, for appellant.

Thomas J. Wagner, Assistant District Attorney, Phoenixville, for Com., appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

OLSZEWSKI, Judge:

This is an appeal from judgment of sentence in the Court of Common Pleas of Chester County entered against appellant for violation of 75 Pa.C.S.A. § 3361. Appellant contends that the trial court erred in: (1) admitting into evidence the arresting officer's testimony regarding a VAS-CAR–Plus unit speed-timing taken over a distance of less than one-tenth mile, and (2) finding appellant guilty of 75

Pa.C.S.A. § 3361. For the reasons below, we affirm the trial court.

On March 22, 1987, appellant was driving north on Route 202 between Paoli Pike and Route 322 in Chester County. Officer Miller observed appellant's car in front of him traveling at a high rate of speed. Consequently, Officer Miller followed appellant's car for a distance of 0.0938 mile and timed the vehicle using a VASCAR–Plus speed-timing device. Appellant's car was timed at 84.5 miles per hour in a 55 mile per hour zone. Thereafter, Officer Miller arrested appellant and charged him with violation of 75 Pa.C.S.A. § 3361, driving vehicle at unsafe speed.

Appellant was found guilty by the District Justice and appealed to the Court of Common Pleas. After a *de novo* trial, appellant was found guilty. Following denial of post-trial motions, appellant was sentenced to pay the statutory fine of $25, plus court costs and the statutory emergency fund fine of $10. This timely appeal follows.

Appellant first maintains that the trial judge erred in admitting into evidence the arresting officer's testimony regarding a VASCAR–Plus unit speed reading taken over a distance of less than one-tenth mile. Specifically, appellant contends that the testimony is inadmissible because the procedure used by the arresting officer is contrary to the one-tenth mile calibration requirement found in 67 Pa.Code § 105.95 and contrary to the holding of *Commonwealth v. Alexion,* 33 Ches.Co.Rep. 37 (1984). In *Alexion, supra,* the trial court "[found] the 1/10 of a mile calibration to be reasonable and conclude[d] that it should also apply, as a minimum standard, to the use of VASCAR–PLUS." *Id.* at 38.

In reviewing appellant's contention, we turn to the applicable statutory provisions to determine the legislative intent regarding the use of a VASCAR–Plus unit. In ascertaining the legislature's intent, we are mindful that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit," 1 Pa.C.S.A. § 1921(b), and "[e]very

statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.A. § 1921(a). Section 3368 of the 1976 Vehicle Code, as amended, governs the use of speed-timing devices and reads in pertinent part:

**(c) Mechanical, electrical and electronic devices authorized.—**

       \*      \*      \*      \*      \*      \*

(3) Electronic devices which calculate speed by measuring elapsed time between measured rod surface points by using two sensors and devices which measure and calculate the average speed of a vehicle between any two points may be used by any police officer.

(4) No person may be convicted upon evidence obtained through the use of devices authorized by [section 3368(c)(3)] unless the speed recorded is six or more miles per hour in excess of the legal speed limit. Furthermore, no person may be convicted upon evidence obtained through the use of devices authorized by [section 3368(c)(3)] in an area where the legal speed limit is less than 55 miles per hour if the speed recorded is less than ten miles per hour in excess of the legal speed limit. This paragraph shall not apply to evidence obtained through the use of devices authorized by [section 3368(c)(3)] within a school zone.

**(d) Classification, approval and testing of mechanical, electrical and electronic devices.**—The department may, by regulation, classify specific devices as being mechanical, electrical or electronic. All mechanical, electrical or electronic devices shall be of a type approved by the department, which shall appoint stations for calibrating and testing the devices and may prescribe regulations as to the manner in which calibrations and tests shall be made. The certification and calibration of electronic devices under [section 3368(c)(3)] shall also include the certification and calibration of all equipment, timing strips and other devices which are actually used with the particular electronic device being certified and calibrated. The devices shall have been tested for accuracy within a

period of 60 days prior to the alleged violation. A certificate from the station showing that the calibration and test were made within the required period, and that the device was accurate, shall be competent and prima facie evidence of those facts in every proceeding in which a violation of this title is charged.

**(e) Distance requirements for use of mechanical, electrical and electronic devices.**—Mechanical, electrical or electronic devices may not be used to time the rate of speed of vehicles within 500 feet after a speed limit sign indicating a decrease of speed. This limitation on the use of speed timing devices shall not apply to speed limit signs indicating school zones, bridge and elevated structure speed limits, hazardous grade speed limits and work zone speed limits.

75 Pa.C.S.A. § 3368(c)–(e).

In accordance with Section 3368(d), the Department of Transportation has issued regulations classifying speed-timing devices and providing for the certification and calibration of these devices. The VASCAR–Plus unit has been classified as a electronic speed-timing device (nonradar) which calculates average speed between any two points. *See* 17 Pa.Bulletin 453 (January 24, 1987); *Commonwealth v. Smolow*, 364 Pa.Super. 20, 25 n. 3, 527 A.2d 131, 134 n. 3 (1987) (Department of Transportation has reclassified VASCAR as an electronic speed-timing device and approved its use by any police officer.). Moreover, the Department of Transportation has issued regulations in accordance with 75 Pa.C.S.A. § 3368(d) regarding the calibration and testing of electronic speed-timing devices such as the VASCAR–Plus unit. Appellant specifically refers us to 67 Pa.Code § 105.95(a)(4) which reads:

(a) Method. An electronic device governed by this subchapter shall be calibrated and tested as follows:

\* \* \* \* \* \*

(4) A course other than a ¼ mile can be used, but not less than ⅒ mile.

· In reviewing the statutory scheme, we find that the legislature did not indicate a minimum distance requirement for the use of a VASCAR–Plus unit nor did it provide the Department of Transportation with the authority to regulate the use of the unit by imposing a distance requirement. Contrary to appellant's contention, 67 Pa.Code § 105.-95(a)(4) does not specify a minimum distance requirement for use of the VASCAR–Plus unit. Instead, it sets forth the method to calibrate and test an electronic unit.

In *Alexion, supra,* the defendant, appealing from a summary speeding conviction, contended that the timing of his car by a VASCAR–Plus unit over a distance of less than one-tenth mile was "so fraught with unreliability as to be incapable of sustaining a conviction beyond a reasonable doubt." *Id.* at 37. The trial court agreed. It reasoned that the VASCAR–Plus unit, a device which measures both the distance and the time necessary for a vehicle to pass over a particular distance, is subject to human error because "there is an inevitable lag between the time the operator thinks he sees the driver begin and end the measured distance and when he actually trips and untrips the device." *Id.* In light of this potential for human error, the court found that it was necessary to establish a minimum distance requirement for use of the unit, and turned to 67 Pa.Code § 105.95(a)(4) for guidance. Finding that the Department of Transportation requires the calibration of " 'electrical-mechanical' speed devices" over a distance of no less of one-tenth of a mile, the trial court concluded that it is important that such devices be operated, as well as calibrated, over the minimum distance set forth in the regulation. In reaching this conclusion, the trial court in *Alexion, supra,* improperly imposed a requirement that was not intended by the legislature. It is evident from the statutory provisions that the legislature considered the possibility of human error and sought to minimize it, not by imposing a minimum distance requirement for operation of an electronic device, but by requiring: (1) approval of the devices by the Department of Transportation; (2) calibrating and testing of the devices for accuracy, and (3) appointment of

stations for calibrating and testing. Thus, the trial court in *Alexion, supra,* created a requirement where none existed in the statute. We, therefore, have no choice but to overrule *Alexion, supra.* See *Halko v. Board of Directors of School District of Foster,* 374 Pa. 269, 97 A.2d 793 (1953) (court in construing statute cannot rewrite such statute); *Commonwealth v. Aljia Dumas Private Detective Agency, Inc.,* 246 Pa.Super. 140, 369 A.2d 850 (1977), *allocatur denied,* (additional remedy will not be fabricated from the statute when the legislature has clearly expressed its intent). In overruling *Alexion, supra,* we find the trial court in the instant case did not err in admitting into evidence a VASCAR–Plus unit speed-reading taken over a distance less than the distance specified for calibration in 67 Pa.Code § 105.95.[1]

■ Second, appellant argues that there is insufficient evidence to support appellant's conviction under 75 Pa.C. S.A. § 3361. Specifically, appellant contends that the evidence is insufficient because the Commonwealth presented no evidence of weather and roadway conditions rendering appellant's speed unreasonable nor was there any testimony that appellant was traveling at a speed greater than would permit him to bring his vehicle "to a stop within the assured distance ahead." 75 Pa.C.S.A. § 3361.

In evaluating a claim that the verdict is against the law for lack of sufficient evidence, we must determine:

> [W]hether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences favorable to the Commonwealth, there is suffi-

1. The court below attempted to distinguish *Alexion, supra,* from the instant case. Although the trial court relied on an alternate legal ground to support the admissibility of the speed-reading, we can affirm if for any reason the admission of evidence was proper. See *Commonwealth v. Pettiford,* 265 Pa.Super. 466, 468, 402 A.2d 532, 533 (1979) (appellate court can affirm admission of evidence based upon erroneous grounds, if for any reason admission of evidence was proper); *Commonwealth v. Hinton,* 269 Pa.Super. 43, 48, 409 A.2d 54, 57 (1979) ("... judgment may be affirmed by the appellate court on any legal theory, regardless of rationale or theory employed by the lower court.").

cient evidence to find every element of the crime beyond a reasonable doubt.... The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence ... Moreover, in applying the above test, the entire trial record must be evaluated and all evidence actually received must be considered ... Finally, the trier of fact, while passing upon the credibility of witnesses and the weight to be afforded the evidence produced, is free to believe all, part or none of the evidence. (Citations omitted.)

*Commonwealth v. Griscavage*, 512 Pa. 540, 517 A.2d 1256 (1986), *quoting Commonwealth v. Harper*, 485 Pa. 572, 576–577, 403 A.2d 536, 538–539 (1979).

Section 3361 reads:

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

75 Pa.C.S.A. § 3361. Instantly, the record indicates that appellant failed to drive at a speed that was reasonable or prudent under the conditions, and failed to have regard for the potential hazards then existing. The arresting officer described Route 202 North as a limited access highway having a posted speed limit of fifty-five miles per hour. He further explained that the section of Route 202 North between the Paoli Pike on-ramp and Route 322 exit comprises of three lanes and is approximately one-tenth of a mile in distance. Officer Miller testified:

Q. Now, ... can you describe the conditions of the roadway, and the actual and potential hazards which existed at the time you timed the vehicle?

A. Route 202 is a limited access highway, paved concrete. The section we are discussing is a three lane section. We have traffic entering 202 northbound from the Paoli Pike and traffic exiting 202 northbound of 322. *So right at this section here you have traffic coming onto and off of 202 in this stretch.*

Q. Which lane was the vehicle which you time in?

A. Of the three lanes, it was in the middle lane, center lane.

Q. And if you enter Paoli Pike at that location and desire to travel north on 202, ... what do you have to do in order to travel onto 202 north?

A. You either get in the center lane or passing lane, the far left lane, one of the two. They're the only two that continue past 322.

Q. And if you stay in the far right lane, what—where do you go in that lane?

A. Down the 322 exit.

N.T. 11/10/87 at 10 (emphasis added). The trial record further indicates that there was a truck traveling on Route 202 North at the same time appellant was traveling on the route. Appellant entered the highway from the Paoli Pike on-ramp and exited at the Route 322 exit. It is apparent from the record that appellant's speed was unreasonable given the conditions of the highway. Appellant was traveling at 84.5 miles per hour in a 55 miles per hour zoned area where traffic must merge and exit while competing with the northbound flow of traffic. In addition, we note that appellant was entering and exiting the northbound highway at a high rate of speed within a distance of approximately one-tenth mile. The potential for hazards and conditions rendering traveling at a speed of 84.5 miles per hour unreasonable is clearly supported by the evidence. Accordingly, we

504

find sufficient evidence to support a conviction under Section 3361.[2]

Judgment of sentence affirmed.

2. Because we find that there is sufficient evidence to support a finding that appellant was traveling at an unreasonable speed "under the conditions," we do not reach appellant's other contention that there was no testimony regarding whether he could bring his car "to a stop within the assured clear distance ahead."