## Commonwealth v. Walker

*Timothy Paul Morris, assistant district attorney,* for the commonwealth.

Defendant appeared pro se.

SNYDER, *P.J.*, March 6, 1990 — Defendant has been cited with violating section 3361 of the Motor Vehicle Code (75 Pa.C.S. §3361), which mandates the operator of a motor vehicle to drive at a safe speed.

Section 3361 reads:

"No person shall drive a vehicle at a speed greater

than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions."

## FACTS

The commonwealth's evidence was that Officer Guy Battistilli of the Punxsutawney Borough Police Department, while on routine police car patrol about 9 p.m. on November 2, 1989, was stopped at a traffic signal at the intersection of South Gilpin Street and West Mahoning Street. Officer Battistilli's patrol car was facing north on South Gilpin Street waiting for a traffic signal to change from red to green. While Officer Battistilli was waiting for the signal to turn green, defendant, with a green signal for Mahoning Street traffic, went through the intersection in a westerly direction at a speed which Officer Battistilli estimated to be between 35 to 40 miles per hour. The speed limit at that point is 25 miles per hour. When the signal light turned green to permit Officer Battistilli to proceed, he proceeded in the direction defendant was traveling, i.e. west on West Mahoning Street, and observed defendant so far ahead of him that Officer Battistilli concluded, with justification, that defendant had continued to operate his vehicle at a speed in excess of the posted 25-mph speed limit on West Mahoning Street.

The road conditions were dry and visibility was unlimited. Traffic was light. In fact, Officer Battistilli testified that after he turned from South Gilpin Street onto West Mahoning Street to follow defendant, there were no vehicles between his patrol car and defendant's vehicle even though defendant's vehicle was already a considerable distance ahead of Officer Battistilli's vehicle.

Likewise, there is no evidence of any pedestrians in sight at the Gilpin - West Mahoning intersection or elsewhere along West Mahoning Street. Nor is there any evidence of any vehicles attempting to park or attempting to leave parking places along West Mahoning Street.

West Mahoning Street at its intersection with Gilpin Street is primarily commercial in nature and continues to be commercial in nature for a few hundred feet in a westerly direction after which it is primarily residential in nature.

We are satisfied beyond a reasonable doubt that the defendant was operating his vehicle at a speed of at least 10 to 15 mph in excess of the posted 25-mph speed limit.

## ISSUE

Can the mere proof of speed in excess of the posted maximum speed limit sustain a conviction for violation of section 3361 of the Motor Vehicle Code?

## DISCUSSION

We find few reported cases which provide much guidance. While there are a multitude of civil cases which have dealt with the mandate of section 3361 to drive at a safe speed, many of which deal with the "assured clear distance" concept, the only recent cases we have been able to locate discussing section

3361 as a summary criminal offense are *Commonwealth v. Vishneski,* 380 Pa. Super.. 495; 552 A.2d 297 (1989); and *Commonwealth v. Monosky,* 360 Pa. Super. 481, 520 A.2d 1192 (1987).

In *Monosky,* a conviction for failing to drive at a safe speed was sustained where the trial record indicated that the defendant was initially observed by two patrol officers who testified that the defendant was driving in excess of the posted speed limit of 25 mph, and this was a residential area in which on the particular day of the alleged offense the weather was foggy and wet. *Monosky* at 484, 520 A.2d at 1193.

In *Vishneski,* the Superior Court found the evidence sufficient to support a conviction of section 3361 where, despite lack of evidence of weather conditions, the arresting officer testified that the defendant was timed at 84.5 mph on a limited-access highway with a posted speed limit of 55 mph, that the defendant was driving in an area where traffic was required to merge and exit, that there was a truck traveling on the same route as the defendant and that the defendant was entering and exiting the highway at a high rate of speed within a distance of approximately one-tenth mile. *Vishneski* at 503, 552 A.2d at 301.

We notice that in each of the foregoing cases there was something other than speed in excess of the speed limit which the court pointed to in determining that section 3361 had been violated. In *Monosky* it was the foggy and wet weather conditions. In *Vishneski* it was the congested nature of the limited-access highway, the exit and on-ramp design and the existence of the truck traveling on the same route as the defendant.

The commonwealth argues that because the excessive speed in the case sub judice occurred at an intersection in a commercial area and in a residen-

tial area where there are parked cars and the likelihood of pedestrians, these circumstances are "conditions" and "potential hazards" within the meaning of those words as they appear in section 3361 as follows:

"No person shall drive a vehicle at a speed greater than is reasonable and prudent under the *conditions* and having regard to the actual and *potential hazards* then existing . . . " (emphasis supplied)

We are not convinced by this argument. In discussing the predecessor of section 3361, the Superior Court has indicated that the word "conditions" within the statute refers to both animate and inanimate objects, either fixed or moving, and includes the amount of traffic on the street, the presence of ice or rain, the presence of pedestrians and most particularly children of tender age. *Commonwealth v. Way,* 170 Pa. Super. 109, 111, 84 A.2d 225, 226 (1951).

In addition, we take note of the language of another case which deals with the predecessor of section 3361. *Commonwealth v. Klick,* 164 Pa. Super. 449, 65 A.2d 440 (1949). In *Klick* the Superior Court states "one may exceed permissible maximum speed limits on occasion, in the operation of a motor vehicle and still not be chargeable with violation of 1002(a)." *Klick* at 452, 65 A.2d at 442.

## CONCLUSION

Accordingly, we are of the opinion that merely establishing that defendant drove his vehicle in excess of the posted maximum speed limit is insufficient to convict defendant for a violation of section 3361.

## VERDICT

And now, March 6, 1990, after trial de novo in this case we find the defendant not guilty of violating section 3361 of the Motor Vehicle Code.