## Commonwealth v. Strausser

*Gregory Stuck, assistant district attorney,* for the Commonwealth.

*David D. Noon,* for defendant.

FEUDALE, *J.,* January 18, 1993—On June 30, 1992, Harry A. Strausser was cited for an alleged violation of section 3361 of the Motor Vehicle Code, driving at a safe speed, for operating his vehicle at a rate of 41 mph in a posted 25-mph zone.[1] On August 8, 1992, at a

---

1. It appears that the officer should have cited the defendant under 75 Pa.C.S. §3362, maximum speed limits, but instead decided to

summary trial held before a district justice, the defendant was found guilty of violating section 3361 and was sentenced to pay a fine and costs. The defendant appealed that conviction to this court, and on November 5, 1992, after a hearing, we also found the defendant guilty of violating section 3361. The defendant then timely filed a motion in arrest of judgment and a brief in support thereof.[2] The defendant's motion is now before us for our consideration.

At the trial de novo in this matter, the facts surrounding the issuance of the citation were set forth through the testimony of Officer Bryan Chowka, the citing officer. Officer Chowka testified that by use of an accutrack timing device, he observed the defendant travelling 41 mph in a posted 25-mph zone. The officer also testified that the timing device had been properly calibrated and had been tested at an approved testing center.

The officer used a hand-drawn diagram of the area to show the lay of the land where the citation was issued.

---

"give the defendant a break" so that fewer points would be assessed against his driving record. The purpose behind this section is to keep those drivers who habitually speed off the road, and when it is applicable, as here, it should be charged. We recognize, of course, that police discretion occurs in the field. For example, an officer, depending on internal administrative guidelines, may choose to give a warning rather than issue a traffic citation. However, when the decision is made to cite a motorist, that citation should be based on the appropriate section of the vehicle code. Where a motorist is "given a break," which Mr. Strausser was clearly the beneficiary of, he may show his "gratitude" in the manner we have witnessed herein.

2. It should be noted that the Commonwealth failed to file a responsive brief in this matter. While such a brief would have been helpful and possibly could have saved us some time, which is already a precious commodity for us, our own research turned up nothing which would have affected our decision in this appeal.

The diagram showed the area to be residential in nature, with many driveways exiting onto the road where the defendant was observed. The weather conditions on the day in question were dry and clear. Officer Chowka stated he could not recall seeing any other vehicles or any pedestrians in the area, but that the area was frequently used by joggers and children riding bikes. In fact, it appears that the reason the officer cited the defendant under section 3361 was the heavy use of the area by pedestrians and children, coupled with the many driveways in the area, thereby giving rise to potential hazards.

The defendant claims that this evidence is not sufficient to sustain a conviction under section 3361, as potential hazards were shown, but there were none then existing. This argument is derived from the language of the statute itself, which in its pertinent part states:

"No person shall drive a vehicle at a speed greater than is reasonable and prudent under the *conditions* and having regard to the *actual and potential hazards then existing.*" 75 Pa.C.S. §3361. (emphasis added)

The defendant, in his brief in support of his motion in arrest of judgment, argues that merely establishing that someone drove at a speed in excess of the posted speed limit is insufficient for a conviction under this section. The defendant further asserts that in order to obtain a conviction under this section, the Commonwealth must introduce evidence of actual and potential hazards then existing (i.e. pedestrian or vehicular traffic), that renders the defendant's speed unreasonable under the conditions then existing.

The standard to be applied when deciding the sufficiency of evidence is whether all the evidence and the reasonable inferences drawn therefrom, viewed in a light most favorable to the verdict winner, here the Commonwealth, was sufficient to prove guilt beyond a reasonable doubt.

*Commonwealth v. Crawford,* 334 Pa. Super. 630, 483 A.2d 916 (1984). Viewing all the evidence in this case in a light most favorable to the Commonwealth, we now find that the Commonwealth failed to sustain its burden of proof in this matter.

There is little guidance from the appellate courts on the issue involved herein. The defendant, in his brief, cites two Superior Court cases in support of his contention that merely traveling at a speed greater than the posted speed limit will not support a conviction under section 3361 of the Motor Vehicle Code. While these cases are not directly on point, they offer us some guidance in our decision.

In *Commonwealth v. Monosky,* 360 Pa. Super. 481, 520 A.2d 1192 (1987), the defendant was cited for violating section 3361 after he was observed traveling at a rate of approximately 50 mph in a posted 25-mph zone. The evidence showed that the area in question was residential in nature and that the day was foggy and wet. The court stated that due to the adverse weather conditions the hazards and conditions necessary for a conviction under section 3361 were readily apparent. Therefore, the "appellant's driving at a speed in excess of the posted limit was greater than was reasonable and prudent given the prevailing conditions and potential hazards." *Monosky* at 483, 520 A.2d at 1194.

In *Commonwealth v. Vishneski,* 380 Pa. Super. 195, 552 A.2d 297 (1987), conditions other than the weather were in issue. In *Vishneski,* the defendant was timed at 84.5 mph in a 55-mph zone on a limited access highway in an area where traffic merged and exited. The record also showed that there was another vehicle in the immediate vicinity of the defendant, and that the defendant

entered and exited the highway at a high rate of speed within a distance of one-tenth of a mile. On these facts, the court held that there was ample evidence that the defendant's rate of speed was unreasonable under the circumstances, and therefore a conviction under section 3361 was warranted.

While it is not controlling upon us, we find the case of *Commonwealth v. Walker,* 5 D.&C.4th 631 (1990), as very persuasive in reaching our decision due to its striking similarity to the instant situation. In *Walker,* the court found that the defendant was traveling at least 10 to 15 mph in excess of the posted 25-mph speed limit in a commercial/residential area. No evidence was presented showing that any pedestrians were in the area, no vehicles were on the road, and no vehicles were either parking in, or leaving from, the parking spaces along the roadway. The road conditions were dry and the visibility was unlimited.

The trial court framed the issue as follows: "Can the mere proof of speed in excess of the posted maximum speed limit sustain a conviction for violation of section 3361 of the Motor Vehicle Code?" *Walker* at 633. The court then reviewed the *Monosky* and *Vishneski* cases, and distinguished them based upon the fact that there were factors upon which a conviction could stand beyond the mere fact that the defendant was speeding.

As in the instant case, the Commonwealth in *Walker,* *supra,* argued that since the alleged infraction occurred in a residential area "where there are parked cars and the likelihood of pedestrians, these circumstances are 'conditions' and 'potential hazards' within the meaning of those words as they appear in section 3361." The court's

simple reply was "We are not convinced by this argument." *Walker* at 634-35. The court further stated that the conditions and potential hazards of section 3361 include animate and inanimate objects, traffic on the streets, pedestrians and children, and also the weather conditions on the date in question. Since the existence or nonexistence of any of these conditions did not render the defendant's speed unsafe, the court held that merely exceeding the posted maximum speed limit was insufficient to sustain a conviction for a violation of section 3361.

We agree with this reasoning. Although the officer did a fine job in the preparation of his diagrams to support his showing of potential hazards, he did not show any actual or potential hazards *then existing.* The sole basis for the issuance of the citation was the defendant's act of traveling 41 mph in a posted 25-mph zone. There was no testimony regarding other traffic, pedestrians or children present, and the day was dry and clear. Under the language of section 3361 of the Motor Vehicle Code, simply proving a defendant was speeding is not sufficient for a conviction for failure to drive at a safe speed.

The Commonwealth must show that the prevailing conditions, and/or the existence of actual or potential hazards rendered the defendant's rate of travel unreasonable and imprudent at that particular place and time.

For all of the foregoing reasons, we enter the following

## ORDER

And now, January 18, 1993, after argument held and in consideration of briefs submitted, it is hereby ordered and directed that the defendant's motion in arrest of judgment is granted. The charges against the defendant in this matter shall be dismissed.