678 A.2d 794

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Stephanie HEBERLING, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 5, 1996.

Filed June 7, 1996.

F. Cortez Bell, III, Clearfield, for appellant.

Paul E. Cherry, Assistant District Attorney, Dubois, for the Commonwealth, appellee.

Before CAVANAUGH, DEL SOLE, and EAKIN, JJ.

EAKIN, Judge.

Stephanie Heberling appeals from the judgment of sentence entered by the Court of Common Pleas of Clearfield County (Reilly, J., presiding) following her conviction under 75 Pa.C.S. § 3361, driving vehicle at unsafe speed. Appellant argues, in essence, that there is insufficient evidence to support her conviction under section 3361. Specifically, she argues the evidence is insufficient because the Commonwealth failed to prove any "prevailing conditions" or "hazards" that made her excessive speed unreasonable.

On July 9, 1994, a police officer saw appellant travelling "at an extreme rate of speed" in a 45 mile-per-hour zone. Appellant was nearing an intersection (approximately one-tenth of a mile down the road) and the crest of a hill (approximately two- to three-tenths of a mile ahead). Appellant was stopped before reaching either of these two points and was issued a citation charging a violation of section 3361. Weather conditions were clear and normal. No other traffic was affected nor were any pedestrians at risk.

■ The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Williams*, 539 Pa. 61, 650 A.2d 420 (1994). Applying this standard of review, we find appellant's insufficiency claim without merit.

Section 3361  of the Vehicle Code provides:

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and *potential* hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. *Consistent with the foregoing*, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, *when approaching a hill crest*, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

75 Pa.C.S. § 3361 [1] (emphasis added).

■ The language of section 3361 is clear and unambiguous. The basic tenet of statutory construction requires a court to construe the words of the statute according to their plain meaning. 1 Pa.C.S. § 1903(a); *Commonwealth v. Stanley*, 498 Pa. 326, 335, 446 A.2d 583, 587 (1982). When the words of a statute are clear and unambiguous, a court cannot disregard them under the pretext of pursuing the spirit of the statute. 1 Pa.C.S. § 1921(c); *Coretsky v. Bd. of Comm'rs of Butler Township*, 520 Pa. 513, 555 A.2d 72 (1989).[2]

1. Act of June 17, 1976, P.L. 162, No. 81. § 1. effective July 1, 1977.

2. It is only when a statute is unclear that a court may embark upon the task of ascertaining the intent of the legislature by reviewing the necessity of the act, the object to be attained, the circumstances under which it was enacted and the mischief to be remedied. *Coretsky*, 520 Pa. at 517–18, 555 A.2d at 74 (citing 1 Pa.C.S. § 1921(c)).

Section 3361 has two sentences that must be read together. The first sentence sets forth two general and alternate types of conduct that, when a person is driving, constitute a violation: (1) at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing; or (2) at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead.

The second sentence of section 3361 begins with the phrase *"consistent with the foregoing "* [3] and sets forth several specific examples of conditions and hazards that further define when the general conduct—unreasonable or imprudent speed—constitutes a violation. These situations include, but are not limited to, approaching a hill crest and approaching an intersection. These specifically enumerated situations are not the exclusive or sole situations that, together with inappropriate speed, might constitute violations, because there is a catchall category, i.e., "when special hazards exist with respect to pedestrians *or* other traffic *or* by reason of weather or highway conditions."

■ There is no question that speeding alone does not constitute a violation of this section.[4] There must be proof of speed that is unreasonable or imprudent under the circumstances (of which there must also be proof), which are the "conditions" and "actual and potential hazards then existing" of the roadway. These circumstances may include not only the amount of traffic, pedestrian travel and weather conditions, but also the nature of the roadway itself (e.g., whether four-lane, interstate, or rural; flat and wide, or narrow and winding over hilly terrain; smooth-surfaced, or full of potholes; clear, or under construction with abrupt lane shifts.) It is these circumstances under which one's speed may be found

---

3. The second sentence does not begin with the phrase "in addition to," "separate and apart from," "alternatively," or any other phrase suggesting *additional* or different standards that the Commonwealth must prove to support a conviction.

4. Section 3362 of the Vehicle Code specifically addresses speeding violations.

sufficiently unreasonable and imprudent to constitute a violation of section 3361, even if the driver has adhered to the posted speed limit.

We are guided in this plain reading of the statute by its precursor, section 1002, which read as follows:

(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the *traffic surface, and width of the highway,* and of any other *restrictions or conditions then and there existing;* and no person shall drive any vehicle, upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead.

75 Pa.C.S. § 1002(a) (emphasis added). The legislature repealed this section and enacted section 3361 on June 17, 1976 (see footnote 1). The repealed statute did not delineate any specific situations that warranted caution; section 3361 enumerates some of them in its second sentence.

The legislature's inclusion of some specific situations is little more than its common sense recognition that many driving situations require extra care. Approaching hills and intersections logically demand caution beyond mere adherence to a posted speed limit; proof of unreasonable speed coupled with either of these roadway conditions makes out a violation of section 3361.

We also are guided by our decision in *Commonwealth v. Vishneski,* 380 Pa.Super. 495, 552 A.2d 297 (1989). We found that Vishneski's speed on a limited access, three-lane highway was unreasonable and sustained his conviction under section 3361:

The trial record indicates that there was a truck traveling on Route 202 North at the same time appellant was traveling on the route. Appellant entered the highway from the Paoli Pike on-ramp and exited at the Route 322 exit. It is apparent from the record that appellant's speed was unrea-

sonable given the *conditions* of the highway. Appellant was traveling at 84.5 miles per hour in a 55 miles per hour zoned area where traffic must *merge and exit while competing with the northbound flow of traffic.* In addition, we note that appellant was entering and exiting the northbound highway at a high rate of speed within a distance of approximately one-tenth mile. The *potential for hazards and conditions* rendering traveling at a speed of 84.5 miles per hour unreasonable is clearly supported by the evidence.

*Vishneski,* 380 Pa.Super. at 503–04, 552 A.2d at 301 (emphasis added). Weather was not a factor. Clearly, we examined such "conditions" and "hazards" as the congested traffic and Vishneski's excessive speed, as well as the nature of the roadway, the exit- and on-ramp design of a limited access highway.

Appellant cites *Commonwealth v. Strausser,* 18 Pa. D. & C.4th 517 (1993) and *Commonwealth v. Walker,* 5 Pa. D. & C.4th 631 (1990) to support her case. The *Strausser* court relied on *Walker* because of a similarity in fact patterns [5] and stated:

The sole basis for issuance of the citation was the defendant's act of traveling 41 mph in a posted 25–mph zone. There was no testimony regarding other traffic, pedestrians or children present, and the day was dry and clear. Under the language of section 3361 of the Motor Vehicle Code, simply proving a defendant was speeding is not sufficient for a conviction for failure to drive at a safe speed.

The Commonwealth must show that the prevailing conditions, and/or the existence of actual or potential hazards rendered the defendant's rate of travel unreasonable and imprudent at that particular place and time.

5. Strausser was simply speeding, and there was no evidence of conditions or hazards to support his conviction. Walker, however, traveled through an intersection at an excessive speed. In finding *only* that Walker exceeded the speed limit, the *Walker* court ignored the situations delineated in the second sentence of section 3361, which clearly requires approaching and crossing an intersection "at a safe and appropriate speed."

*Id.* at 521–22. The Commonwealth presented no "conditions" or "potential hazards" at all that, coupled with Strausser's excessive speed, could sustain a conviction under section 3361.

While there are few appellate decisions interpreting section 3361, we sustained a conviction under this section in *Commonwealth v. Monosky*, 360 Pa.Super. 481, 520 A.2d 1192 (1987), in addition to *Vishneski* discussed above. Monosky was driving through a residential area at approximately 50 mph in a 25 mph zone. The weather was foggy and wet. We held in *Monosky:*

> The applicable provision of the Motor Vehicle Code here involved, 75 Pa.C.S.A. § 3361, states that a vehicle shall not be driven in excess of a speed greater than is reasonably prudent under conditions and potential hazards existing at that time. As the record here discloses, hazards and conditions were readily apparent. The area was residential, and the day was foggy and wet. *We conclude that appellant's driving at a speed in excess of the posted limit was greater than was reasonable and prudent given the prevailing conditions and potential hazards.*

*Id.* at 485, 520 A.2d at 1194 (emphasis added). We found that weather conditions and driving on a roadway in a residential area were "hazards and conditions" that, coupled with Monosky's excessive speed, sustained a conviction under section 3361.

In the instant case the trial court found that appellant was approaching an intersection and a hill crest at an extreme rate of speed:

> In dismissing the Defendant's appeal, this Court notes that the statute requires the operator to have regard for the actual and *potential* hazards then existing. The statute requires the operator to drive at a safe and appropriate speed when approaching ... an intersection ... when approaching a hill crest ... the Court found as a fact in the instant case that the defendant was travelling at an extreme rate of speed while approaching an intersection and hill crest and determined under the requirements of the statute that the Commonwealth has met its burden.

Trial Court Opinion, 9/27/95, at 9 (emphasis in original). "Approaching a hill crest" and "approaching ... an intersection" are "conditions" specifically enumerated in the statute that require a driver to proceed at a safe and appropriate speed. When appellant drove at an excessive speed under these conditions, she violated section 3361.

Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting:

Because I would conclude that the Commonwealth failed to offer sufficient evidence to support Appellant's conviction under 75 Pa.C.S.A. § 3361, I dissent.

The Majority quotes the relevant statutory provision and notes that in support of a conviction there "must be proof of the speed that is unreasonable or imprudent under the circumstances." Majority Memorandum at 123. The Majority then goes on the analysis the circumstances of the road conditions in this case. While I do not quarrel with their assessment of the conditions, or the conclusion that the conditions found here required the driver to proceed at a safe and appropriate speed, I cannot find sufficient evidence to support the conviction when there was no evidence offered estimating the speed at which Appellant was traveling. Absent some evidence of Appellant's speed, it cannot be held that she was traveling at an excessive speed, regardless of the surrounding circumstances.

At trial, Trooper Michael Greene testified that he was in a patrol position when he observed Appellant's car proceeding northbound "in what appeared to be an extreme rate of speed for the posted speed limit in that area." N.T. 6/19/95 at 4. He also stated that his experience told him that the vehicle was exceeding the posted 45 mile per hour speed limit. However the trooper never testified to the vehicle's actual speed, or to his estimation of the actual speed which Appellant was traveling.

The statute at issue does not require that a specific speed must be exceeded in order for a violation to occur, *Commonwealth v. Martorano*, 387 Pa.Super. 151, 158–60, 563 A.2d 1229, 1233 (1989), however it must nevertheless be shown that the speed was excessive for the conditions.[1] Absent of showing of speed, it is impossible to conclude that an individual was traveling at a speed which was excessive for the conditions.

In *Commonwealth v. Monosky*, 360 Pa.Super. 481, 520 A.2d 1192 (1987), this court upheld a conviction for failing to drive at a safe speed. In contrast to this case, the record in *Monosky* disclosed that the appellant was observed by patrol officers driving in excess of the 25 mile per hour posted speed limit. The officers testified that the road was in a residential area and it was a foggy wet day. One officer testified that it was necessary for him to accelerate to between 55 and 60 miles to overtake the appellant. Both officers also opined that the appellant was traveling approximately 50 miles per hour when he was initially observed.

In this case there in no such testimony. I believe absent some evidence of the defendant's actual or estimated speed, it cannot be concluded that the defendant was traveling at an unsafe speed. A court cannot find one to be traveling at a speed greater than reasonable for the conditions, regardless of the conditions, if no evidence of the defendant's speed has been offered to the court. Allowing this verdict to stand based solely on the officer's testimony, elevates the officer's opinion that Appellant was traveling at an unsafe speed, to a fact. While an officer is permitted to opine as to the speed of a vehicle, the ultimate finding to be made by the factfinder is whether that speed was unreasonable for the conditions. This

---

1. Section 3361 prohibits two types of conduct which respect to driving, driving at a speed greater than reasonable and prudent under the conditions, and driving at a speed greater than will permit the driver to stop the vehicle within the assured clear distance ahead. This case concerns application of only the first prohibition. *Contrast Commonwealth v. Rishel*, 441 Pa.Super. 584, 658 A.2d 352 (1995) (where court upholds violation of conviction under 75 Pa.C.S. § 3361 when the appellant testified that she was unable to maintain control of her vehicle and when an officer testified that the appellant had failed to negotiate a turn in the road causing an accident.)

fact finding function cannot be usurped by permitting the witness to opine on the guilt of the defendant. I would vacate the Appellant's Judgment of Sentence and reverse her conviction in this matter.