J-A22019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH DUMANOV | |
| Appellant | No. 390 EDA 2017 |

Appeal from the Order January 5, 2017
In the Court of Common Pleas of Carbon County
Criminal Division at No(s): CP-13-SA-0000005-2015

BEFORE: BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 24, 2017**

Joseph Dumanov, proceeding *pro se*, appeals from an order of the Court of Common Pleas of Carbon County, which imposed a fine of $68.50, plus costs, following his conviction for speeding. 75 Pa.C.S.A. § 3362. We affirm.

On January 2, 2015, Trooper Daniel J. Marotta of the Pennsylvania State Police was monitoring traffic along Interstate 80 in Kidder Township, Carbon County. Trooper Marotta testified that his radar indicated that Dumanov's silver pick-up truck was traveling at a rate of 83 miles per hour in a 65 mile per hour zone. Trooper Marotta initiated a traffic stop and issued a citation to Dumanov for violation of section 3362 of the Vehicle Code., exceeding the posted speed limit.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On January 5, 2017, at a trial *de novo* before the Honorable Steven R. Serfass, Dumanov did not contest the fact that he was driving over the posted speed limit.[1]  Instead, Dumanov argued that section 3362 is unconstitutional and denies him his "sole right to freely travel."  N.T. Trial, 1/5/17, at 10. Judge Serfass found Dumanov guilty of violating section 3362, and entered an order in accordance with Pa.R.Crim.P. 462(g).[2]

_____

[1] On direct examination, Dumanov testified as follows:

Q:   Now that you're under oath, sir, I just want to verify what you said which is already part of the record but was not sworn testimony that you are not contesting the speeding violation?

A:   I'm contesting the law itself.

Q:   I understand that. What I'm saying is, you've heard testimony from this Trooper that indicated that according to the device that he was using you were traveling 83 miles per hour in a zone posted at 65 miles per hour.  You are not contesting that violation?

A:   That is correct.

N.T. Trial, 1/5/17, at 11.   Further, the Commonwealth carried its burden of proving the speeding offense. The radar gun showed the defendant was traveling 83 miles per hour, in excess of the maximum speed of 65 miles per hour. The Commonwealth established that the speeding device and the testing station were approved by the Department of Transportation, and the court took judicial notice of the department's approval of the Gemini GHD Radar Gun as published in the Pennsylvania Bulletin.  *Id.* at 5-8.

[2] Pursuant to Pa.R.Crim.P. 462(G), following a trial *de novo*, the trial judge "shall: . . . issue a written order imposing sentence, signed by the trial judge." The order must also advise defendant of the right to appeal to this Court within 30 days of the imposition of sentence.  Pa.R.Crim.P. 462(G)(4).

Dumanov filed a notice of appeal, and the trial court directed him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Dumanov timely filed his Rule 1925(b) statement.  On appeal, he challenges the constitutionality, validity and necessity of 75 Pa.C.S.A. § 3362 (Maximum speed limits),[3] arguing that it is vague, lacks scientific foundation,

---

[3] Section 3362 of the Vehicle Code provides:

> **(a) General rule**.--*Except when a special hazard exists that requires lower speed for compliance with section 3361 (relating to driving vehicle at safe speed)*, the limits specified in this section or established under this subchapter shall be maximum lawful speeds and no person shall drive a vehicle at a speed in excess of the following maximum limits:
>
> (1) 35 miles per hour in any urban district.
>
> (1.1) 65 miles per hour or 70 miles per hour for all vehicles on freeways where the department has posted a 65-miles-per-hour or 70-miles-per-hour speed limit.
>
> (1.2) 25 miles per hour in a residence district if the highway:
>
> > (i)  is not a numbered traffic route; and
> >
> > (ii) is functionally classified by the department as a local highway.
>
> (2) 55 miles per hour in other locations.
>
> (3) Any other maximum speed limit established under this subchapter.

75 Pa.C.S.A. § 3362 (emphasis added).

and conflicts with 75 Pa.C.S.A. § 3361[4] (Driving vehicle at safe speed). Dumanov's argument focuses on the fact that he was cited for violating section 3362, when section 3361 "adequately serves the full purpose of regulating rate of motion and `speed' for travelers." Appellant's Brief, at 41. For that reason, and because the neighboring states of Ohio and New Jersey do not have a similar law, Dumanov argues that section 3362 is needless legislation.

We begin by stating that all legislation enacted by General Assembly carries a strong presumption of constitutionality, 1 Pa.C.S.A. § 1922, and any party challenging a statute's constitutionality bears a heavy burden to demonstrate that the legislation clearly, palpably, and plainly violates the terms of the constitution. ***Commonwealth v. Rabold***, 951 A.2d 329, 340 (Pa. 2008); ***Commonwealth v. Burnsworth***, 669 A.2d 883, 886 (Pa. 1995).

---

[4] Section 3361 of the Vehicle Code provides:

> No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

75 Pa.C.S.A. § 3361.

Section 3362 provides the maximum speeds for designated areas, posted pursuant to Pennsylvania Department of Transportation regulations. 67 Pa. Code § 211.71. The Department, on state designated highways[5] (and local authorities, on any highway within their boundaries), may erect official traffic-control devices in conformance with the department regulations, upon all highways as required to carry out the provisions of the Vehicle Code or "*to regulate, restrict, direct, warn, prohibit, or guide traffic*." 75 Pa.C.S.A. § 6122(a) (emphasis added); **see** 67 Pa. Code § 211.1 *et seq*. No provision of the Vehicle Code is deemed to prevent the Department on state-designated highways, and local authorities on streets or highways within their physical boundaries, from the reasonable exercise of their police powers. 75 Pa.C.S.A. § 6109. Establishing speed limits, as authorized in the Vehicle Code, and enforcement of those speed limits, are clearly reasonable exercises of the state's police power. **See** 75 Pa.C.S.A. §§ 3361 *et seq*.

Alternatively, speeding alone does not violate section 3361 (Driving vehicle at safe speed). **Commonwealth v. Heberling**, 678 A.2d 794 (Pa. Super. 1996). There must be proof of speed, not necessarily beyond the posted speed limit, that is unreasonable or imprudent under the circumstances, which are the "conditions" and "actual and potential hazards then existing" on the roadway. 75 Pa.C.S.A. § 3361. Driving at the posted

---

[5] **See** 75 Pa.C.S.A. § 102, defining "State designated highway" as a "highway or bridge on the system of highways and bridges over which the department has assumed or has been legislatively given jurisdiction."

speed limit, or even below it, may violate section 3361 depending on the circumstances.

> These circumstances may include not only the amount of traffic, pedestrian travel and weather conditions, but also the nature of the roadway itself (e.g., whether four-lane, interstate, or rural; flat and wide, or narrow and winding over hilly terrain; smooth-surfaced, or full of potholes; clear, or under construction with abrupt lane shifts.) It is these circumstances under which one's speed may be found sufficiently unreasonable and imprudent to constitute a violation of section 3361, *even if the driver has adhered to the posted speed limit*.

**Heberling**, 678 A.2d at 796 (emphasis added). Thus, driving at a speed that is careful and prudent, having due regard to traffic, surface, existing restrictions or conditions, for purposes of section 3361, is not necessarily equivalent to driving at the posted speed limit.

Although a section 3362 violation may *contribute* to a section 3361 violation, this does not convince us that section 3362 is, therefore, needless or duplicative. Moreover, Dumanov has failed to present either a substantive or procedural due process argument that establishes that section 3362 clearly, palpably, and plainly violates the Constitution. **Rabold**, **supra**; **Burnsworth**, **supra**. Additionally, Dumanov's claim that section 3362 is unconstitutional simply because other states have not enacted similar statutes is baseless. We agree with the trial court's conclusion that Dumanov has failed to meet his substantial burden of challenging the constitutionality of section 3362 of the Vehicle Code. **See In re R.D.**, 739 A.2d 548, 554 (Pa. Super. 1999) ("The right of the judiciary to declare a statute void, and to arrest its execution, is

one which, in the opinion of all courts, is coupled with responsibilities so grave that it is never to be exercised except in very clear cases." ). This is clearly not that case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/24/2017</u>