## Commonwealth, Appellant, *v.* Hoke.

320

Submitted September 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Grant E. Wesner,* Deputy District Attorney, and *Robert L. Van Hoove,* District Attorney, for Commonwealth, appellant.

*Eugene F. Wisniewski,* for appellee.

OPINION BY CERCONE, J., December 11, 1972:

Dennis R. Hoke was charged in an information filed before a Justice of the Peace with operating a motor vehicle at a speed too fast for conditions, in violation of Section 1002, Subsection (a) of Article 10 of The Vehicle Code. The violation was alleged to have occurred when defendant traveled past a parked school bus and struck a schoolchild who had alighted from the bus. The information stated that he operated his vehicle at a rate of at least thirty miles per hour.

At the hearing before the Justice of the Peace there was testimony by eyewitnesses as to the defendant's manner of operation of his vehicle immediately before and at the time he struck the child. A series of witnesses testified that the school bus was stopped at the scene of the accident; that its lights were flashing; that defendant passed the bus, did not apply his brakes or slow down or attempt to slow down or stop until after the child was hit; that the impact, according to one witness, "threw her into the air"; another witness said he saw the child "spiral into the air, flew approximately 90 feet"; another witness said she flew "20 or 30 feet into the air after being hit"; another witness said he saw the hit girl "spiraling into the air"; and yet another witness stated he "saw her flying into the air".

Because of objections to the witnesses' manner of stating or describing defendant's speed, which objections were sustained by the Justice of the Peace, there was no admitted evidence of the specific speed at which defendant was traveling at the time he struck the child.

322

Therefore, defendant moved for acquittal, which motion was denied by the Justice of the Peace. The Justice of the Peace, though agreeing with defendant in his finding that no speed was ascertained, denied the motion for acquittal "on the basis that the conditions surrounding this accident, such as, the bus with children alighting, flashing lights on the bus, cars awaiting the clear signal to travel on, that approaching car was traveling at such a speed that he did not secure the life, limb or property of any person and that no defense was presented to offset this conclusion. I therefore, the Justice of the Peace, declare Dennis R. Hoke, guilty as charged, Driving Too Fast for Conditions." Defendant filed exceptions which were sustained by the court below and the Commonwealth has appealed.

The lower court agreed that: "In a prosecution of this type it is not necessary to prove an exact speed in the manner in which violations are proved for failure to comply with mandated speed limits: Commonwealth v. Klick, 164 Pa. Superior Ct. 449. In the case cited, the Superior Court stated, pp. 453-4: 'As in the case of reckless driving, the determination of what constitutes driving "too fast for conditions" is for the finder of the facts, . . .' in this case the justice of the peace."

However, the lower court held: "When the fact finder concludes as he did here that 'no speed was ascertained', the reviewing court cannot conclude that in fact the speed was improper under the circumstances." This statement is, of course, contradictory to the immediately preceding statement to the effect that it was not necessary that a specific speed be ascertained, and was also contradictory to the immediately following statement: "It is true that the fact finder does set forth certain conclusions from the testimony which strongly indicate an improper speed. . . ." The lower court, though so admitting that the testimony did support the finding of improper speed, stated:

". . . but we cannot accept them as sufficient reasons for the conclusion in view of the fact that one of the factors relied on by the fact finder is 'that no defense was presented to offset this conclusion.' It is clear from the record that in part the verdict of 'guilty' was pronounced because no defense was offered by the defendant. Any conclusion or finding based in whole or in part upon the defendant's not testifying or offering a defense cannot stand because it violates every fundamental concept of due process and the rights of an individual accused of crime under the constitutions of the United States, of this Commonwealth and of the common law."

We cannot agree with the lower court's interpretation of the findings of the Justice of the Peace. The Justice of the Peace was not pronouncing guilt of the defendant in whole or in part because he had failed to take the stand in his own defense. He merely added that his conclusions from the testimony were reinforced or supported by the fact that there was no defense presented to offset them. The Justice of the Peace's statement was the equivalent of a statement that the Commonwealth's evidence, from which he drew his conclusions, was uncontradicted and undenied, which statement has consistently been held not to be a violation of the rule that no reference or inference adverse to the defendant can be made or drawn by reason of his failure to take the stand: *Commonwealth v. Bolish*, 381 Pa. 500; *Commonwealth v. Chickerella*, 251 Pa. 160; *Commonwealth v. Kloiber*, 378 Pa. 412; *Commonwealth v. Morrison*, 180 Pa. Superior Ct. 121. A defendant certainly can provide a defense for himself from the testimony of witnesses other than himself, and the Justice of the Peace in this case did not, by his statement, in any way indicate that he was using defendant's failure to testify in his own behalf as a basis of a finding of guilt. The Justice of the Peace merely

noted that the testimony from which he was finding the defendant guilty was not offset by any defense testimony, an observation which, as already shown, can be made by the fact finder.

It is our determination that to sustain a conviction under Section 1002, Subsection (a) on a charge of driving too fast for conditions, it is not necessary to allege or prove any specific speed at which defendant was driving. Whether one is driving too fast for conditions is a relative matter, dependent not on any specific speed but on all the existing circumstances, which circumstances are for the fact finder to consider in determining whether or not defendant is guilty as charged. There is no question but that in this case the testimony presented before the Justice of the Peace clearly supported the conclusion reached by him that indeed defendant was driving too fast for conditions, though there was no evidence of his specific speed. The conclusion of guilt reached from the evidence cannot be eradicated merely because the Justice of the Peace further stated that "no defense was presented to offset this conclusion." For the reasons already stated, such observation did not constitute a finding of guilt in violation of defendant's constitutional right to remain silent. The Justice of the Peace found defendant guilty because of the strong evidence presented against him, which evidence, as he observed, was not offset by any defense to the contrary.

The dismissal of the summary conviction is hereby reversed; the original finding of guilty by the Justice of the Peace is hereby affirmed; and the case is remanded for the imposition of penalty.

SPAULDING, J., dissents.