364 A.2d 356
COMMONWEALTH of Pennsylvania
v.
Richard L. KANTNER, Appellant.

Superior Court of Pennsylvania.
Sept. 27, 1976.

Alfred W. Crump, Jr., Reading, for appellant.

Grant E. Wesner, Deputy Dist. Atty. for Law, Reading, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

After his conviction before a District Justice of the Peace of violating § 1002(a) of the Vehicle Code, 75 P.S. § 1002(a), appellant appealed to the Court of Common Pleas of Berks County, where after a hearing *de novo* [1] he was found guilty and sentenced to pay a fine of $10.00 and costs.

Section 1002(a) of the Vehicle Code provides:

Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width of the highway, and of any other restrictions or conditions then and their existing; and no person shall drive any vehicle, upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring

1. Pa.R.Crim.P. 67.

the vehicle to a stop within the assured clear distance ahead.

Appellant contends that he was improperly charged with violating this provision. He reasons that since the summons stated that he was "driving east on Weiss St. in excess of 60 m. p. h. in a posted 40 m. p. h. zone, residential zone," [2] he should have been charged with speeding under one of the specific provisions of section 1002(b).

The briefs of both appellant and the Commonwealth ignore the controlling cases. In *Commonwealth v. Klick*, 164 Pa.Super. 449, 452, 65 A.2d 440, 442 (1949), this court stated that

[s]ubsection (a) of 1002 of the Act creates a complete offense separate and distinct from every other offense defined elsewhere in the Act . . . The fact that in the present case the information charges defendant with operation of his automobile in a residence district at a speed in excess of the maximum indicated by official signs does not take this prosecution out of 1002(a).

More recently, in *Commonwealth v. Hoke*, 223 Pa.Super. 319, 324, 298 A.2d 913, 915 (1972), Judge Cercone, speaking for the court,[3] observed that

[w]hether one is driving too fast for conditions [in violation of 75 P.S. § 1002(a)] is a relative matter, dependent not on any specific speed but on all the existing circumstances, which circumstances are for the factfinder to consider in determining whether or not defendant is guilty as charged. There is no question but that in this case the testimony presented before the Justice of the Peace clearly supported the conclusion

2. The summons specifically stated that appellant was being charged with violating subsection (a) of Section 1002, "To [sic] fast for conditions." The specification of the speed at which appellant was driving is required by Section 1002(e) of the Vehicle Code, 75 P.S. § 1002(e).

3. Spaulding, J., dissented.

reached by him that indeed defendant was driving too fast for conditions, though there was no evidence of his specific speed.

In the instant case, the lower court explicitly found that such circumstances existed:

. . . They don't have the exact speed but they say he is going fast and our approximation is sixty . . . if there weren't any other sections, if the speed was the only thing, you wouldn't be here or at least the charge would be dismissed. But there are other circumstances here namely, nighttime, width of the highway, other vehicles parked and a borough with a concentration of population so that is what makes the other conditions.

(N.T. 5)

Judgment of sentence affirmed.