**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James Parker JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 2003.
Filed March 23, 2004.

Brian D. Aston, Greensburg, for appellant.

John W. Peck, Dist. Atty., Greensburg, for Com., appellee.

BEFORE: FORD ELLIOTT, BECK and TAMILIA, JJ.

OPINION BY BECK, J.:

¶ 1 In this appeal from his judgment of sentence for Homicide by Vehicle and related charges, appellant claims the evidence was insufficient to sustain the verdict. He also challenges an evidentiary ruling by the trial court as well as the court's denial of his request for a mistrial. We affirm.

¶ 2 The trial court summarized the facts: On Sunday, September 17, 2000, Augusta Waddell (Victim), who was 75 years of age, was attending church services at the Fellsburg Methodist church, in Rostraver Township, Pennsylvania. Victim was a resident of Duquesne, Pennsylvania, and she had traveled to Fellsburg Methodist Church by bus. At approximately 10:00 p.m., after services had ended, Victim discovered that the bus had departed, leaving her stranded at the church. Apparently confused by this situation, Victim walked away from the church property along Fells Church Road. Motorists observed Victim walking on the cartway, while wearing a dark-colored coat and supporting herself with a four-pronged cane. Shortly thereafter, Victim was struck by [Appellant's] vehicle, which then carried and dragged her for approximately 1,400 feet from the point of impact until she was dislodged from the vehicle.

[Appellant] failed to stop and render assistance, and left the scene of the accident. The next day he purchased used auto body components from a scrap yard and repaired the damaged portions of his vehicle. Despite his attempt to conceal the vehicle damage, [Appellant] was placed under arrest when physical evidence found at the scene of the accident and on [Appellant's] vehicle connected him to the crime. Following a preliminary hearing, a criminal information was filed, charging [Appellant] with Accidents Involving Death or Personal Injury, Homicide by Vehicle, Involuntary Manslaughter, and [violations of vehicular law regulating] Driving a Vehicle at Safe Speed.

Trial Court Opinion, 3/21/03, at 2.

¶ 3 Appellant was tried before a jury and found guilty of Accident Involving Death or Personal Injury, Homicide by Vehicle and Involuntary Manslaughter.[1] The trial court sentenced him to 18 to 36 months in prison for Accident Involving Death or Personal Injury and a consecutive sentence of 12 to 24 months for Homicide by Vehicle.

¶ 4 Appellant filed post trial motions, which were denied, and now raises the following three issues on appeal:

1. Whether the trial court committed an error of law by denying the Appellant's Motion for Judgment of Acquittal on the basis that the Commonwealth had not presented sufficient evidence to support the charge with respect to the charge of Homicide by Vehicle.

2. Whether the trial court committed an error of law by denying the Appellant's motion for a new trial on the basis of prosecutorial misconduct

---

1. Subsequent to the jury trial, the trial court found appellant not guilty of the summary offense of Driving at a Safe Speed, 75 Pa.C.S. § 3361. Although appellant was acquitted of this offense, he properly notes that his acquittal does not serve as the basis for overturning his Homicide by Vehicle conviction, even though that charge (Homicide by Vehicle) relied on § 3361 as the underlying motor vehicle code violation. Appellant aptly "concedes that inconsistent verdicts are permitted [in the criminal law]. *See Commonwealth v. Swann*, 431 Pa.Super. 125, 635 A.2d 1103 (2001)[1994]." Appellant's Brief at 8.

when the Commonwealth introduced evidence concerning the penalty for vehicular homicide while Driving Under the Influence when this was not a charged offense.

3. Whether the trial court committed an error of law by allowing the Commonwealth to introduce evidence that the Appellant had consumed alcohol earlier on the day of the accident when there was no evidence to link alcohol to the accident.

¶ 5 We address first appellant's claim that the evidence offered at trial was insufficient as a matter of law to sustain the guilty verdict for Homicide by Vehicle. In reviewing a sufficiency claim we determine whether the evidence and all reasonable inferences therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all the elements of the offense beyond a reasonable doubt. *Commonwealth v. Johnson*, 556 Pa. 216, 223, 727 A.2d 1089, 1092 (1999).

¶ 6 The relevant statute provides:

Any person who recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3731 (relating to driving under the influence of alcohol or controlled substance) is guilty of homicide by vehicle a felony of the third degree, when the violation is the cause of death.

75 Pa.C.S.A. § 3732(a).

¶ 7 To satisfy the requirement that it prove an underlying violation of the law, the Commonwealth relied on 75 Pa.C.S.A.

§ 3361, Driving Vehicle at a Safe Speed. That statute provides:

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

75 Pa.C.S.A. § 3361.

¶ 8 Appellant claims that the Commonwealth's failure to offer testimony on the precise speed he was driving was fatal to its case. Unless the Commonwealth offered evidence to establish how fast he was driving, argues appellant, there is no proof he was engaged in the violation of § 3361. We cannot agree.

¶ 9 Appellant offers no statutory language or relevant case law in support of his claim that § 3361 requires testimony as to the actual speed traveled. Instead, the only applicable cases hold otherwise.

¶ 10 In *Commonwealth v. Hoke*, 223 Pa.Super. 319, 298 A.2d 913 (1972), a panel of this court considered the burden of proof necessary in a prosecution for "operating a motor vehicle at a speed too fast for conditions in violation of Section 1002, Subsection (a) of Article 10 of the Pennsylvania Motor Vehicle Code."[2] *Id.* at 914.

---

2. Section 1002(a) was the predecessor to § 3361; it provided:

Any person driving a vehicle on a highway shall drive the same at a careful and prudent

The *Hoke* court held that in order to "sustain a conviction under Section 1002, ... it is not necessary to allege or prove any specific speed at which defendant was driving. Whether one is driving too fast for conditions is a relative matter, dependent not on any specific speed but on all the existing circumstances, which circumstances are for the fact finder to consider in determining whether or not defendant is guilty as charged." *Id.* at 915.

¶ 11 In a more recent case that addressed the current statute, § 3361, the Commonwealth did not offer proof of actual or estimated speed, but a police officer testified to observing the defendant/driver "traveling at a high rate of speed." *Commonwealth v. Heberling*, 451 Pa.Super. 119, 678 A.2d 794 (1996). In response to a claim that the evidence was insufficient to support the conviction, the panel reiterated that the actual speed is irrelevant to a § 3361 inquiry.[3] Rather, the focus is on the surrounding circumstances, including "the amount of traffic, pedestrian travel and weather conditions, ... the nature of the roadway itself, e.g., whether four-lane, interstate, or rural, flat and wide, or narrow and winding over hilly terrain; smooth-surfaced, or full of potholes; clear, or under construction with abrupt lane shifts." *Id.* at 795–96.

¶ 12 The testimony offered at trial in this case established that Fells Church Road was unlit and had a curved, ascending grade leading to the crest of a hill.

Witnesses who were driving on the road just moments before appellant struck the victim testified to observing the victim walking along the road. These witnesses explained that they were concerned for the victim's safety due to her age, the time of night and the condition of the roadway. The trial court noted that despite these dangers, the other drivers were aware of the victim's presence on the roadway and were able to avoid hitting her. The record reflects that the witnesses/drivers slowed their vehicles as a result of their observations.

¶ 13 Expert testimony and that of officers on the scene established that the victim was struck with such force that "blood and fluid [was] expelled from her legs and scattered for about 27 feet along the roadway. Human tissue, items of clothing, and car debris were dispersed about the area of impact along Fells Church Road." Trial Court Opinion, 3/21/03, at 4. Although there was no testimony regarding the exact speed of appellant's vehicle, the evidence did show that, "immediately prior to impact, the front suspension of [appellant's] vehicle dipped sharply downward as the brakes were applied." *Id.*

¶ 14 When viewed in its entirety, and considered in light of our standard of review, we find this evidence sufficient for the trier of fact to conclude beyond a reasonable doubt that appellant operated his vehicle at an unsafe speed and, as a

---

speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width of the highway, and of any other restrictions or conditions then and there existing; and no person shall drive any vehicle, upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead.

*Commonwealth v. Heberling*, 451 Pa.Super. 119, 678 A.2d 794, 796 (1996) (citing 75 Pa. C.S. § 1002 (repealed)).

**3.** Judge Del Sole filed a dissent, stating that he believed a conviction under § 3361 could not be sustained "absent some evidence of the defendant's actual or estimated speed." *Heberling, supra*, 678 A.2d at 798 (Del Sole, J., dissenting). This view did not command a majority.

result, struck and killed the victim.[4]

■ ¶ 15 Appellant next claims that the trial court erred in denying him a mistrial when the Commonwealth asked a detective about the penalty for vehicular homicide while driving under the influence of alcohol. The record reflects that the detective testified that the penalty was a mandatory three to six years incarceration.[5] Immediately following his response (but unrelated to it), the court called for a recess. Appellant's counsel did not object to the question or the answer, but raised the issue once the jury left the courtroom. Counsel explained that he waited for the jury to exit before raising his objection because he didn't want to emphasize the matter to the jury. Because of the delay, the court found that the objection was untimely. Nonetheless, the court agreed to give a curative instruction to the jury, which it did immediately after the jury reconvened:

> Just before recess, the last two or three questions of the attorney for the Commonwealth regarded a criminal charge of driving under the influence homicide. That charge is not in this case.
>
> The District Attorney's office and the Commonwealth have not charged this defendant with that offense, and you should disregard the question and answer with regard to anything involving homicide while driving under the influence or the penalty of the same. That's not a charge.
>
> ... There's no evidence of driving under the influence in this case and you should not permit that question and answer to raise any suspicion or conjecture during your deliberations.
>
> I'm ordering those matters stricken from the record. For you to consider them would be a violation of your oath as a juror.

N.T. 7/15–19/02 at 273–74.

¶ 16 Appellant argues that because the charges did not involve consumption of alcohol, the reference inflamed the jury and warranted the grant of a new trial.

■ ¶ 17 A motion for a mistrial is addressed to the sound discretion of the trial judge, who must determine whether the challenged testimony "may reasonably be said to deprive the defendant of a fair trial." *Commonwealth v. Jones*, 542 Pa. 464, 668 A.2d 491, 502 (1995). Further, the grant of a mistrial is unnecessary where a cautionary instruction is adequate to overcome any possible prejudice. *Com-*

---

4. We note that in his dissent in *Heberling*, Judge Del Sole recognized that § 3361 prohibits two alternate types of conduct: 1) driving at a speed greater than reasonable under the conditions and 2) driving at a speed greater than will permit a stop within the assured clear distance ahead. Judge Del Sole noted that the facts in *Heberling* involved the first prohibition and he distinguished *Heberling* from a case in which the driver was unable to stop her vehicle and so caused an accident. *Id.* (citing *Commonwealth v. Rishel*, 441 Pa.Super. 584, 658 A.2d 352 (1995)) (§ 3361 conviction proper where driver lost control of her car and evidence at the scene established that she failed to negotiate a turn, causing the accident), *reversed on other grounds,* 546 Pa. 48, 682 A.2d 1267 (1996). This case is like *Rishel* in that there was no evidence of a precise speed. Nonetheless, the evidence adduced at the scene of the accident, including the fact that the victim was struck with great force, along with testimonial evidence from other drivers and physical evidence from appellant's vehicle, established that appellant was traveling at a speed that did not permit him to stop within the assured clear distance ahead.

5. The Commonwealth claims it had asked the question, not to plant suspicion or inflame the jury, but to "provide evidence of Appellant's motivation to flee from the scene of the crime as opposed to stopping to render aid or obtain assistance and [because it] was relevant to Appellant's state of mind." Commonwealth's Brief at 9.

monwealth v. Fetter, 770 A.2d 762, 768 (Pa.Super.2001), aff'd, 570 Pa. 494, 810 A.2d 637 (2002).

¶ 18 Upon review of the record, including the brief nature of the reference, the court's prompt instruction and our standard of review, we find no error in the denial of a mistrial. The curative instruction set out above was sufficient to overcome any potential for prejudice. Fetter, supra. Appellant's demand for a new trial is without merit.

¶ 19 Finally, Appellant claims that he is entitled to a new trial because the trial court permitted the Commonwealth to introduce a statement that Appellant made to the investigating officers that he had been consuming alcohol on the day of the accident. Appellant claims that the statement was overly prejudicial and should have been precluded.

¶ 20 Trial judges are afforded broad latitude and discretion in determining the admissibility of evidence. We will not disturb their determinations absent a finding of abuse of that discretion. Commonwealth v. Roefaro, 456 Pa.Super. 588, 691 A.2d 472, 474 (1997).

¶ 21 Prior to trial appellant requested that the Commonwealth be precluded from introducing his statement to police that he had consumed alcohol on the evening of the accident. In that statement, appellant admitted to police that he was driving on Fells Church Road on the night of the accident; however, he insisted that he did not strike the victim with his car. In explaining his activities on that date, appellant told police that he was at a bar earlier that day and had consumed beer while there.

¶ 22 The court denied the motion on the basis that Appellant's statement was probative of his state of mind and his ability to recall specific facts about the incident.

We find no error in the court's decision. Appellant admitted to being in the area of the accident at the time it occurred; but denied any involvement. His version of events contradicted that offered by the Commonwealth. The fact that appellant consumed alcohol in the hours prior to the accident certainly was probative of whether his recollection of events, i.e., that he did not strike the victim, was accurate. The trial court's ruling on the motion was not an abuse of discretion.

¶ 23 Because appellant has raised no issues of merit, we are compelled to affirm.

¶ 24 Judgment of sentence affirmed.