J-S47009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYAN E. COEN, | |
| Appellant | No. 91 MDA 2015 |

Appeal from the Judgment of Sentence entered December 19, 2014,
in the Court of Common Pleas of Franklin County,
Criminal Division, at No(s): CP-28-SA-0000209-2014

BEFORE: ALLEN, OTT and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                                    **FILED JULY 24, 2015**

Bryan E. Coen ("Appellant") appeals from the judgment of sentence imposed after his non-jury trial conviction for driving at an unsafe speed for road conditions.[1]  We affirm.

The trial court summarized the procedural posture as follows:

> The instant matter arises out of a car crash that occurred on January 5, 2014.  On June 19, 2014, a Citation was filed against [Appellant] alleging a violation of 75 Pa.C.S. § 3361, Driving Vehicle at Safe Speed.  On September 17, 2014, [Appellant] was found guilty of violating 75 Pa.C.S. § 3361 by the Hon. Todd R. Williams, Magisterial District Court Judge. [Appellant] filed a Notice of Summary Appeal on October 21, 2014.  On November 18, 2014, the Commonwealth filed a Motion to Continue hearing in the matter.  This Court granted said Motion on the same date and scheduled the matter for hearing on December 19, 2014.

---

[1] 75 Pa.C.S.A. § 3361.

*Retired Senior Judge assigned to Superior Court.

Trial Court Opinion, 2/25/15, at 2 (footnote omitted).

The trial court additionally detailed the testimony adduced at the December 19, 2014 hearing:

> The Commonwealth presented the testimony of Pennsylvania State Police Trooper George A. Durst, as well as expert testimony related to accident reconstruction performed by Corporal Eric Campbell of the Pennsylvania State Police. The incident in this matter occurred shortly after 3:00 p.m. on January 5, 2014, on the south-bound side of Interstate 81 (I-81). Tr. at 4 - 5. At the time of the incident, the roads were slick and icy, the sky was an overcast with ice/freezing rain. Tr. at 5 - 6. Furthermore, Trooper Durst testified that these conditions began in the morning hours of January 5, 2014. Tr. at 8. Trooper Durst testified that while driving an[d] approaching the scene of the incident, he "could tell through braking, and normal driving acceleration from different points of stopping or slowing that the tires would spin." Tr. at 7 - 8. Because of the conditions of the road, Trooper Durst drove in a prudent manner and below the speed limit. Tr. at 8, 20.
>
> On Corporal Campbell's approach to the incident site, he noticed that the roads were "icy. Not just a little bit. I mean, they were really icy." Tr. at 27. Additionally, Corporal Campbell noted that he had seen six or seven cars that had slid off the road or were stuck because of the road conditions. Tr. at 27. The road conditions were so treacherous; Corporal Campbell drove approximately 20 - 25 miles per hour even though when the speed limit was 65 miles per hour. Tr. at 27.
>
> Trooper Durst testified that he interviewed [Appellant] at the hospital; [Appellant] stated that as he was driving, a vehicle pulled in front of him, which caused him to slow down suddenly and cross into the median. Tr. at 10. At this point [Appellant's] vehicle rolled over. Tr. at 11. Corporal Campbell's expert testimony on the matter corroborated [Appellant's] version of the vehicle's crash trajectory. *See* Tr. at 30 - 32.
>
> Corporal Campbell further testified that he came to a conclusion about [Appellant's] true speed through the aid of a Computer Aided Drafting Program. Tr. at 47. From a yaw point of view, [Appellant's] true speed was calculated at 54.54 miles

per hour. Tr. at 47. Additionally, Corporal Campbell testified that this was on the low end of the calculation. Tr. at 49. Furthermore, Corporal Campbell did a secondary calculation where he analyzed the rotational spin, positioning the vehicle along the yaw marks, taking certain distances, measuring the angle the vehicle was facing away from its path of travel, and analyzed the speed using a subjectively estimated impact speed to get a speed between 60.56 miles an hour and 65.66 miles per hour to correlate with the yaw speed. Tr. at 47 - 48; *see also* Tr. at 42 - 46.

Corporal Campbell testified that he performed an inspection of [Appellant's] vehicle after the crash and found "nothing that would indicate a defect in the vehicle" and that "absent any damage that would have been considered impact-related, there was no mechanical defect that would have attributed to this crash." Tr. at 45.

Trial Court Opinion, 2/25/15, at 4-6.

The trial court explained:

[] At the close of the evidence, the [trial c]ourt found [Appellant] guilty as charged and imposed the sentence as imposed by the Magisterial District Judge. On January 2, 2015, [Appellant] filed a *Notice of Appeal* and a *Motion for Transcription and Filing of Trial Transcript*. On January 6, 2015, the Court entered an *Order* directing [Appellant] to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(2). On January 12, 2015, the Court entered an Order denying [Appellant's] *Motion for Transcription and Filing of Trial Transcript* as moot and directed [Appellant] to comply with Pa.R.A.P. 1911. [Appellant] timely filed a *Concise Statement of the Matters Complained of on Appeal*. On February 17, 2015, a *Transcript* was lodged and subsequently filed on February 22, 2015.

Trial Court Opinion, 2/25/15, at 2-3. The trial court issued its opinion pursuant to Pa.R.A.P. 1925 on February 25, 2015.

Appellant presents a single issue on appeal:

1. Whether the evidence was sufficient to convict the Appellant of driving at an unsafe speed for conditions, 75 Pa.C.S.A. Section 3361, when the Appellant was traveling at or lower than the speed limit, no evidence exists of the road conditions at the actual time of the accident, and the Appellant was forced to take evasive action due to an emergent situation caused by another vehicle?

Appellant's Brief at 5.

In reviewing a sufficiency claim, we determine:

[W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 886 A.2d 689, 704 (Pa. Super. 2005) (internal citations omitted).

In a tripartite argument, Appellant first asserts that the "evidence was insufficient to convict the Appellant due to the sudden emergency doctrine." Appellant's Brief at 13. In support of this assertion, Appellant cites a civil case, *Lockhart v. List,* 665 A.2d 1176, 1180 (Pa. 1995). Appellant's

invocation of the sudden emergency doctrine is unavailing and his reliance on **Lockhart** is misplaced. We specifically explained in the criminal case of **Commonwealth v. Matroni,** 923 A.2d 444 (Pa. Super. 2007):

> The trial court erred in instructing the jury on the sudden emergency doctrine because that doctrine, a civil concept, is not a recognized defense to which [appellant] was entitled to a jury instruction. As [appellant] himself acknowledges, "the trial court is under a duty to instruct the jury on the correct legal principles **applicable** to the facts presented at trial." *Commonwealth v. Cox,* 546 Pa. 515, 530, 686 A.2d 1279, 1286 (1996) (emphasis added). Here, the sudden emergency doctrine is not a legal principle applicable to the Vehicle Code charges in question.
>
> ***
>
> Extensive research has revealed no cases wherein a defendant has been permitted to successfully employ the sudden emergency doctrine as a defense to criminal charges, and we decline to allow [appellant] to do so in this case.

*Id.* at 452. Here, we likewise reject Appellant's invocation of the civil affirmative defense of the sudden emergency doctrine in reviewing Appellant's criminal conviction for driving at an unsafe speed for road conditions.

Appellant additionally argues that the "evidence was insufficient to establish [that] Appellant failed to comply with the assured clear distance ahead rule." Appellant's Brief at 15. Again, Appellant's argument fails. As reiterated in **Matroni**, "the assured clear distance ahead rule applies to essentially static or static objects including vehicles moving in the same direction[.]" **Matroni,** 932 A.2d at 453 *citing* **Cunningham v. Byers,** 732 A.2d 655, 658 (Pa. Super. 1999) (additional citations omitted). Instantly,

Appellant's conviction was not premised on his failure to abide by the assured clear distance ahead rule. Rather, the trial court convicted Appellant of failing to drive "at a safe and appropriate speed when … special hazards exist … by reason of weather or highway conditions." 75 Pa.C.S.A. § 3361; *see also* Trial Court Opinion, 2/25/15, at 8 ("The [trial c]ourt found beyond a reasonable doubt [Appellant] did not operate at a reasonable or prudent speed for the prevailing weather conditions.").

In his tertiary argument, Appellant asserts that the evidence was "woefully" insufficient "when viewed in the light most favorable to the Commonwealth as verdict winner." Appellant's Brief at 17. We disagree. The trial court explained:

> In *Commonwealth v. Heberling*, the Court held that "speeding alone does not constitute a violation of [§ 3361]. There must be proof of speed that is unreasonable or imprudent under the circumstances (of which there must also be proof), which are the "conditions" and "actual and potential hazards then existing" of the roadway. *Commonwealth v. Heberling*, 678 A.2d 794, 795 – 96 (Pa. Super. 1996). Furthermore, the Court held that "[i]t is these circumstances under which one's speed may be found sufficiently unreasonable and imprudent to constitute a violation of section 3361, even if the driver has adhered to the posted speed limit." *Id.* at 796.
>
> In *Commonwealth v. Hoke*, the Court held that "it is not necessary to allege or prove any specific speed at which [the] defendant was driving." *Commonwealth v. Hoke*, 298 A.2d 913, 915 (Pa. Super. 1972). The primary inquiry in such cases is not the speed, but the speed relative to the conditions. *Id*. The circumstances in this matter are to be determined by the fact-finder to conclude whether the Defendant is guilty. *See id*.
>
> As detailed above, both Trooper Durst and Corporal Campbell testified to the icy conditions of the roads at the time of the incident. Based upon the expert opinion of Corporal

Campbell, [Appellant] was traveling at a lowest possible speed of 54.54 miles per hour on a "really" icy interstate. Tr. at 27, 47, 49. While [Appellant] was not *per se* speeding, the law is clear that it is not necessary that [Appellant] be traveling in excess of the posted speed limit in order to violate § 3361. *See Commonwealth v. Heberling*, 678 A.2d 794, 795 - 96 (Pa. Super. 1996); *Commonwealth v. Hoke*, 298 A.2d 913, 915 (Pa. Super. 1972).

Furthermore, as the Commonwealth was the verdict winner in the instant matter, the [trial c]ourt must view the evidence admitted at trial in the light most favorable to the Commonwealth. Both Trooper Durst and Corporal Campbell testified that the conditions of the road did not allow either of them to safely operate their vehicle at the speed limit. Tr. at 6, 20, 27. Corporal Campbell testified that he did not drive faster than 25 miles per hour because of the poor road conditions. Tr. at 27. Corporal Campbell further testified that he observed six or seven other vehicles slide off of 1-81 as he traveled to the accident scene. Tr. at 27.

These poor road conditions combined with [Appellant's] speed rendered [Appellant] unable to maintain control of his vehicle, which led to a car crash involving three separate vehicles. The Court found the testimony of Trooper Durst and Corporal Campbell credible regarding the icy and rainy conditions of the road. The Court found beyond a reasonable doubt [Appellant] did not operate at a reasonable or prudent speed for the prevailing weather conditions. Driving over 54 miles per hour on an icy road in the freezing rain is extraordinarily dangerous. The evidence in this matter was sufficient to conclude beyond a reasonable doubt that [Appellant] disregarded these hazardous weather conditions, which led to a multiple vehicle crash. Therefore, the Court found [Appellant] guilty of violating 75 Pa.C.S. § 3361.

Trial Court Opinion, 2/25/15, at 6-8 (footnote omitted).

Our review of the record, viewed in the light most favorable to the Commonwealth, supports the trial court's determination that Appellant violated § 3361. Again, we note that:

> [I]t is within the province of the [fact-finder] to assess the worth of the testimony, which it may then accept or reject. We agree that the [fact-finder] is free to believe all, some or none of the testimony presented by a witness.

*Neison v. Heimes,* 653 A.2d 634, 636-37 (Pa. 1995) (citations omitted). Our careful scrutiny of the record does not reflect that the trial court's determination that Appellant violated § 3361 was "so disproportionate to the uncontested evidence as to defy common sense and logic." *Id.* Further, Appellant's sufficiency argument would require us to re-weigh the testimony adduced at trial, which we may not do. *See Commonwealth v. Hawkins,* 701 A.2d 492, 501 (Pa. 1997) (the credibility of witnesses is "solely for the [fact finder] to determine"); *see also Commonwealth v. Dougherty,* 860 A.2d 31, 36 (Pa. Super. 2004) (citations omitted) ("This Court cannot substitute its judgment for that of the [fact finder] on issues of credibility."). Moreover, we recognize that "[i]t is the function of the [fact finder] to evaluate evidence adduced at trial to reach a determination as to the facts, and where the verdict is based on substantial, if conflicting evidence, it is conclusive on appeal." *Commonwealth v. Reynolds,* 835 A.2d 720, 726 (Pa. Super. 2003) (citation omitted).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2015

- 8 -