J-S61035-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEREK SHERMAN JOHNSON, | : | |
| | : | |
| Appellant | : | No.  278 MDA 2015 |

Appeal from the Judgment of Sentence Entered September 15, 2014,
in the Court of Common Pleas of Bradford County,
Criminal Division, at No(s): CP-08-CR-0000117-2014

BEFORE:    PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED OCTOBER 30, 2015**

Derek Sherman Johnson (Appellant) appeals from the judgment of sentence entered after he was convicted by a jury of recklessly endangering another person (REAP) and hit and run, and by the trial court of driving while license suspended, DUI related (DUS).  We affirm.

The trial court summarized the facts of this case as follows.

> As [Appellant] was backing out of his parking spot at a mini-mart in Towanda, Bradford County, Pennsylvania, his vehicle struck another vehicle that was parked at the gasoline pumps.  [Appellant] exited his vehicle and spoke to the other driver, but did not provide information.  [Appellant] returned to his vehicle and proceeded to back up.  The passenger of the other vehicle, victim herein, attempted to stop [Appellant] by waving his hands in the air and approaching [Appellant's] vehicle.  As victim approached [Appellant's] vehicle, [Appellant] moved his vehicle forward and did not stop. The victim moved quickly to the side and had to use his hands to push himself away from the vehicle to avoid being run over.  The entire incident was caught on the mini-mart's security video. [Appellant] was identified and arrested.

*Retired Senior Judge assigned to the Superior Court.

Trial Court Opinion, 5/31/2015, at 1-2.

Appellant was convicted of the aforementioned offenses on August 4, 2014.[1] On September 15, 2014, Appellant was sentenced to an aggregate term of 12 to 36 months of incarceration plus 60 days. Appellant timely filed post-sentence motions, which were denied by operation of law on February 11, 2015. Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth one issue for our review: "Whether the court's cautionary instruction was insufficient to cure the unfair prejudice arising from the unexpected testimony of [victim] alleging that [Appellant] was intoxicated at the time of the offense, thus depriving [Appellant] of a fair trial on the count of reckless endangerment?" Appellant's Brief at 8.

We set forth our standard of review to a challenge of the denial of a mistrial. "Absent an abuse of discretion, the trial court's decision not to grant a motion for mistrial will not be disturbed. A mistrial is warranted only when the incident upon which the motion is based is of such a nature as to deny the defendant a fair trial by preventing the jury from weighing and rendering a true verdict." **Commonwealth v. Robinson**, 670 A.2d 616, 621 (Pa. 1995) (citations omitted). Furthermore, "[a] mistrial is not necessary where cautionary instructions are adequate to overcome any possible

---

[1] The jury acquitted Appellant of simple assault.

prejudice." ***Commonwealth v. Fetter***, 770 A.2d 762, 768 (Pa. Super. 2001).

At trial, the victim testified about this incident. He stated:

[W]e pulled up to the gas pump and about the time we pulled up to the gas pump, we got out of the car and no later than we get out of the car, I want to say like a [B]lazer type thing backed right into my dad's [J]eep, and we looked at it, and the guy [got] out of the car and he was stumblin' all over the place, and I was like, somebody needs to call the cops, he was drunk of course, and about the time I said somebody needs to call the cops, he jumped back in the vehicle, and I went around and as I was goin' around, I like threw my hands up and he just kept goin', I shoved myself off the car before I got hit.

N.T., 8/6/2014, at 26.

Counsel for Appellant asked for a sidebar immediately. She argued that victim's witness statement did not include anything about Appellant being drunk and is "extremely prejudicial." ***Id***. She requested a mistrial. ***Id***. The Commonwealth responded: "I just heard it myself and I never interviewed the witness…." ***Id***. The trial court denied the motion for a mistrial, but struck the statement and instructed the jury not to consider it by providing the following:

Ladies and gentlemen of the Jury, you just heard a statement made by this witness regarding [Appellant's] gait at the time that he saw him. And that he felt that the - felt that [Appellant] was intoxicated, I think he used the word, drunk, and I'm striking that testimony. In other words, it's testimony that you're not going to consider, it is not part of the case, and so you are not going to consider any of that evidence as if it was not even testified to.

***Id*** at 27.

Instantly, Appellant contends that the curative instruction offered by the trial court was insufficient to overcome the prejudice caused by victim's unsolicited statement. Appellant's Brief at 13. The Commonwealth responds that, because the jury was able to view a video of this incident, Appellant did not suffer prejudice from victim's statement. Commonwealth's Brief at 2.

Upon review of the record, including the brief nature of the comments, counsel's immediate objection, and the thorough cautionary instruction, we conclude the denial of a mistrial was not an abuse of discretion. **See Commonwealth v. Schoellhammer**, 454 A.2d 576, 581 (Pa. Super. 1982) (holding that "sole and inadvertent statement was insufficient to prejudice appellant by connecting him with drug addiction or alcoholism" where the "trial judge appropriately instructed the jury to disregard the characterization;" thus, "the prejudice, if any, did not rise to a level which would mandate the declaration of a mistrial or the subsequent grant of a new trial"); **see also Commonwealth v. Johnson**, 846 A.2d 161 (Pa. Super. 2004) (holding that testimony about driving under the influence in a homicide by vehicle case did not warrant a mistrial where the reference was brief, the court offered a prompt instruction, and that instruction was sufficient to overcome prejudice).

Accordingly, Appellant is not entitled to relief, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2015