**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Joseph LEVIN, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 1, 2002.

Filed Jan. 31, 2003.

Barbara A. McDermott, Philadelphia, for appellant.

John Nocito, Assistant District Attorney, Philadelphia, for Com., appellee.

Before: DEL SOLE, P.J., ORIE MELVIN and BECK, JJ.

DEL SOLE, P.J.

¶ 1 Joseph Levin appeals from the judgment of sentence entered following his conviction of murder of the third degree, homicide by vehicle while driving under the influence, and driving under the influence of alcohol. Upon review, we affirm.

¶ 2 The facts of this case are as follows. In November 1999, while driving a 1990 Ford Aerostar van, Appellant hit a parked vehicle, causing minor damage. Appellant's vehicle then turned to the left, swerved onto the sidewalk and pinned the victim, Christine Schofield, against a cement pole. Ms. Schofield died as a result of injuries she sustained in the accident. Evidence produced at trial established that there was no obstruction on the roadway at the time of the accident.

¶ 3 Appellant was transported to a nearby hospital for treatment of his injuries. Based on his conduct, the accompanying officer requested Appellant's consent to a blood test. Appellant consented and his blood was tested. The test revealed that at approximately two hours after the crash, Appellant's blood alcohol level was .216%.

¶ 4 While at the Accident Investigation Headquarters, Appellant waived his *Miranda* rights and indicated that he wished to give a statement. In that statement, Appellant admitted that earlier that day he and his brother went to a bar where he consumed two shots of vodka, fifteen 12–ounce bottles of beer and some marijuana. Appellant also acknowledged that he has blackouts when he drinks and smokes mar-

ijuana. Appellant admitted that at the time of the accident he blacked out.

¶ 5 Following a bench trial, Appellant was convicted of murder in the third degree,[1] homicide by vehicle while driving under the influence,[2] and driving under the influence of alcohol.[3] Appellant was sentenced to twelve and one-half to twenty-five years' imprisonment, to be followed by two years of probation. Appellant's conviction of homicide by vehicle merged with the murder charge for sentencing purposes. This timely appeal followed.

¶ 6 On appeal, Appellant presents a single issue for review. Appellant asserts that there was insufficient evidence to sustain the conviction of third degree murder. Appellant's Brief at 3. Specifically, Appellant argues that the Commonwealth failed to establish the requisite element of malice to support his conviction of third degree murder. Appellant's Brief at 9–16.

¶ 7 The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Heberling,* 451 Pa.Super. 119, 678 A.2d 794, 795 (1996).

¶ 8 The Pennsylvania Criminal Code defines third degree murder as any killing with malice that is not first or second degree murder. *See* 18 Pa.C.S.A. § 2502(c). Decisional precedent further establishes that third degree murder requires no specific intent to kill. *Commonwealth v. Baskerville,* 452 Pa.Super. 82, 681 A.2d 195, 199–200 (1996). Rather, the *mens rea* for third degree murder is malice, the definition of which is well settled:

---

1. 18 Pa.C.S. § 2502(a).

2. 75 Pa.C.S. § 3735(a).

3. 75 Pa.C.S. § 3731(a).

Malice consists of a "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured...." Malice may be found where the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause serious bodily injury.

*Commonwealth v. DiStefano,* 782 A.2d 574, 582 (Pa.Super.2001).

■ ¶ 9 There is support in the record for the trial court's conclusion that Appellant possessed the requisite *mens rea* of malice in this case. In his confession, Appellant admitted that he knew that when he drank alcohol and smoked marijuana, he blacked out. Appellant admitted that at the time of the accident he had blacked out. Appellant also acknowledged that earlier in the day of the accident, he had smoked marijuana and consumed large quantities of alcohol. Knowing that he had combined marijuana and alcohol, and knowing that this combination resulted in his blacking out, Appellant got behind the wheel of his vehicle and proceeded down a busy residential street during late afternoon.

¶ 10 This knowledge and Appellant's action in light of this knowledge constitutes a recklessness of consequences and a disregard for social duty. Appellant did indeed disregard the unjustified and extremely high risk that his actions would cause serious bodily injury. Unfortunately, in this case, Appellant's actions resulted in fatal injuries. Accordingly, we find that there was sufficient evidence to conclude that Appellant possessed the requisite malice for conviction of third degree murder.

¶ 11 Judgment of sentence affirmed.